## 19515

Kaye B. BICKLEY, Administratrix of the Estate of R. Collins Bickley, Respondent, v. SOUTH CAROLINA ELECTRIC & GAS COMPANY, Appellant.

(192 S. E. (2d) 866)

464

*Messrs. Cooper, Gary, Nexsen, & Pruet,* of Columbia, for *Appellant,*

*Messrs. Kermit S. King* and *Donald W. Tyler* of Columbia, *for Respondent,*

466

November 13, 1972.

Moss, Chief Justice.

This case arose under the South Carolina Workmen's Compensation Act, Section 72-1 *et seq.*, Code of 1962. It involves a claim for compensation arising out of the death of R. Collins Bickley who left surviving his dependent widow, Kaye B. Bickley, the respondent herein. She alleges that R. Collins Bickley who was employed by South Carolina Electric and Gas Company, the appellant herein, as an apprentice lineman, lost his life in an automobile accident on November 3, 1969, and such was an accident arising out of and in the course of his employment. The appellant denied that the death of R. Collins Bickley arose out of and in the course of his employment.

A hearing was held before a single Commissioner on February 9, 1971. This Commissioner, on April 30, 1971, filed his decision holding that the death of the employee did not arise out of and in the course of his employment as the relationship of employer and employee ceased when the employee left the place of employment at the end of work to go home.

The respondent made timely application for a review of this decision to the Full Commission. The Commission, by

a three to two majority, affirmed the decision made by the single Commissioner. Thereafter, an appeal was duly taken by the respondent to the Court of Common Pleas for Richland County and such was heard by The Honorable Wade S. Weatherford, Jr., presiding judge, who issued his order reversing the decision of the Commission, holding that the deceased employee was on a special mission for the appellant at the time of his death and was covered by the Compensation Act. Timely appeal to this Court followed.

The exceptions of the appellant raise the question of whether the death of R. Collins Bickley was the result of an accident which arose out of or in the course of his employment.

To sustain an award under the Workmen's Compensation Act, it must appear that the injury or death resulted from an accident which both "arose out of" and "in the course of" the employment. Section 72-14, 1962 Code of Laws. The term "arose out of" refers to the origin of the cause of the accident, while the term "in the course of" refers to the time, place and circumstances under which it occurred. *Williams v. S. C. State Hospital,* 245 S. C. 377, 140 S. E. (2d) 601.

The material facts here are not in dispute. R. Collins Bickley, an apprentice lineman for the appellant, was called out along with members of his crew to repair storm damage to the electrical lines of the appellant in the Charleston area. The deceased departed his home near Columbia at 3:30 a. m., Sunday, November 2, 1969, and reported to the work station of the appellant in Columbia, South Carolina, where he met the other members of his crew. They proceeded to Charleston where they worked until noon, with an hour break for lunch. Thereafter, they continued to work until they stopped for approximately one hour for supper. This crew then went back to work and continued until they reported to the terminal in Charleston at about 11:30 p. m.

They were given the option of spending the night in Charleston at the company's expense or returning to Columbia. They elected to return to Columbia.

The decedent drove the truck back to Columbia, arriving at their work station in the early morning hours of November 3, 1969. The crew cleaned their equipment after which they checked off duty at 3:30 a. m. The decedent then got into his car and left for home. While proceeding along highway I-26, he crashed into the rear of a truck which had just pulled on to the highway from an interchange. The collision resulted in the decedent's death.

Bickley's work as a lineman for the appellant was ordinarily performed in the Columbia area and normally he worked forty hours per work week, Monday through Friday. He was subject to being "called out" for emergency work outside of the regular period of employment. Under the contract existing between the appellant and the International Brotherhood of Electrical Workers, under which the decedent worked, an employee called out to work at other than normal working hours would be credited with a minimum of two hours as "hours worked" or for the time elapsed between leaving his home and dismissal from emergency duty should this time exceed two hours. The dismissal here occurred when the decedent departed his work station at the completion of his emergency duty and left for home.

We have held, as a general rule, subject to the exceptions hereinafter stated, that an injury sustained by an employee while on his way to or from work and away from the premises of the employer does not arise out of and in the course of employment. The exceptions to this rule are as follows: (1) Where, in going to and returning from work, the means of transportation is provided by the employer, or the time that is consumed is paid for or included in the wages; (2) Where the employee, on his way to or from his work, is still charged with some duty or task

in connection with his employment; (3) The way used is inherently dangerous and is either (a) the exclusive way of ingress and egress to and from his work; or (b) constructed and maintained by the employer; or (4) That such injury incurred by a workman in the course of his travel to his place of work and not on the premises of his employer but in close proximity thereto is not compensable unless the place of injury was brought within the scope of employment by an express or implied requirement in the contract of employment of its use by the servant in going to and coming from his work. *Sola v. Sunny Slope Farm,* 244 S. C. 6, 135 S. E. (2d) 321.

■ Courts of many states recognize a further exception to the "coming and going" rule, above discussed, and have allowed compensation where the injury is sustained by the employee while performing a special task, service, mission or errand for his employer, even before or after customary working hours, or on a day on which he does not odinarily work. 99 C. J. S. Workmen's Compensation § 234d, p. 828.

The foregoing is known as the special errand rule and is defined as follows:

"When an employee, having identifiable time and space limits on his employment, makes an off premises journey which would normally not be covered under the usual going and coming rule, the journey may be brought within the course of employment by the fact that the trouble and time of making the journey, or the special inconvenience, hazard, or urgency of making it in the particular circumstances, is itself sufficiently substantial to be viewed as an integral part of the service itself." 1 Larson's Workmen's Compensation Law, Section 16.10.

Our research does not show that we have had occasion to deal with the "special errand rule." Such rule, however, is a recognized exception to the "coming and going" rule and has been applied by many other courts. *Le Vasseur v. Allen*

*Electric Co.,* 338 Mich. 121, 61 N. W. (2d) 93; *O'Reilly v. Roberto Homes, Inc.,* 31 N. J. Super. 387, 107 A. (2d) 9; *Smith v. Industrial Comm.,* 90 Ohio App. 481, 107 N. E. (2d) 220; *Dawson v. Oklahoma City Casket Company,* Okl., 322 P. (2d) 642; *Thurston Chem. Co. v. Casteel,* Okl., 285 P. (2d) 403; *State Compensation Ins. Fund v. Industrial Acc. Comm.,* 89 Cal. App. 197, 264 P. 514; *Kyle v. Greene High School,* 208 Iowa 1037, 226 N. W. 71; and *Massey v. Board of Education of Mecklenburg County,* 204 N. C. 193, 167 S. E. 695. In the last cited case, the Supreme Court of North Carolina quoting from the *Kyle* case, above cited, said:

"An exception to the aforesaid general rule is found in cases where it is shown that the employee, although not at his regular place of employment, even before or after customary working hours, is doing, is on his way home after performing, or on the way from his home to perform, some special service or errand or the discharge of some duty incidental to the nature of his employement in the interest of, or under direction of, his employer. In such cases, an injury arising en route from the home to the place where the work is performed, or from the place of performance of the work to the home, is considered as arising out of and in the course of the employment."

Here, the employee, at the specific request and order of his employer, was called out in an emergency situation to perform service at a time and place other than those that were normal and customary to his employment. At the time and place, he was performing a special errand or mission incidental to his employment.

Where an employee is obligated to make emergency calls or to perform service at times other than during his regular working hours and goes on a special errand or mission for the employer, he is entitled to the protection of the compensation law from the time he leaves home until his return thereto. When an employee is on a special errand or mission for his employer and receives in-

jury, or, death results from an accident, such arises out of and in the course of his employment within the meaning of the Compensation Act.

Under the factual situation revealed by this record, ▮ we conclude that the trial judge was correct in finding that the employee was on a special errand or mission for his employer and his death arose out of and in the scope of his employment, entitling the respondent to compensation.

The exceptions of the appellant are overruled and the judgment below is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.