21693

Robert McMILLAN, Respondent, v. HUNTINGTON & GUERRY ELECTRIC CO. and Insurance Company of North America, Appellants.

(290 S. E. (2d) 810)

*Carroll H. Roe, Jr.,* of *Love, Thornton, Arnold & Thomason,* Greenville, *for appellants.*

*W. Harold Christian, Jr.,* of *Law Offices of John Bolt Culbertson,* Greenville, *for respondent.*

April 13, 1982.

LITTLEJOHN, Justice:

In this Workmen's Compensation claim, the Hearing Industrial Commissioner, a majority of the Full Commission and the Circuit Court have approved an award to Robert McMillan, claimant-employee. The employer and the insurance carrier have appealed.

There is little dispute as to the facts out of which the claim arose. The employee worked for Huntington & Guerry Electric Company, employer, home based in the city of Greenville. In addition to working in Greenville, the nature of the employment required employees, including McMillan, to travel to other nearby towns for the purpose of installing electrical equipment. When the employee worked at Greenville, he was compensated at the rate of $4.00 per hour. When working away from Greenville, according to one of the owners ". . . if you work within a 15 mile radius of our office, you draw a standard basic wage scale. Any distance beyond that, we increase the man's hourly wage-rate, depending on the number of miles away from Greenville so that he may commute or board at the job site, any way he chooses."

On the date of the accident, the claimant-employee was commuting daily to Hendersonville, North Carolina, a distance of forty-one miles, requiring an estimated one hour travel. On this date he was a passenger riding with a co-employee, who was driving his own personal automobile, which ran off the highway, resulting in injuries to the claimant-employee. On alternate days, the claimant-employee drove his vehicle.

On this job, the employee was being paid an additional fifty cents per hour; he worked ten hours per day, four days

per week. When he commuted a lesser distance to work, a lesser amount than fifty cents per hour was added to his hourly wage.

It is the contention of the employer that this employee was merely commuting to work and that under the well-established general rule in this State, no compensation is payable. It is the contention of the employee that, in fact, his wages included compensation for travel time and his claim comes under one of the well-established exceptions to the general rule.

The sole question, determined by the Circuit Court below and to be decided by this Court, as taken from the appellant-employer's brief, is as follows:

Does payment of additional hourly compensation for working out of town come within any of the exceptions to the adopted rule of law in South Carolina that an employee's injuries sustained while en route to work do not arise out of and in the course and scope of his employment?

Prior to the Administrative Procedures Act, enacted by the General Assembly of this State in 1977, on appeal, the scintilla rule was applied. The scope of review has now been changed such that the Industrial Commission, being an administrative tribunal, will not be reversed unless there is no "substantial evidence" supporting its finding. *Lark v. Bi-Lo, Inc., et al.,* 276 S. C. 130, 276 S. E. (2d) 304 (1981); *Ellis v. Spartan Mills, et al.,* S. C., 277 S. E. (2d) 590 (1981).

We have heretofore stated the general ruling and exceptions that control claims involving accidents and injuries sustained by employees while going to and coming from their place of employment. In *Bickley v. S. C. Electric and Gas Company,* 259 S. C. 463, 192 S. E. (2d) 866 (1972), this Court said:

We have held, as a general rule, subject to the exceptions hereinafter stated, that an injury sustained by an employee while on his way to or from work and away from the premises of the employer does not arise out of and in the course of employment. The exceptions to this rule are as follows: (1) Where, in going to and returning from work, the means of transportation is provided by the employer, *or the time that*

*is consumed is paid for or included in the wages; . . .*(Emphasis added.)

Facts, as found by the Commission, breed the law. We, therefore, turn to the finding of the Commission to determine whether this case comes within or without the exception, which, in effect, states that injuries arise out of and in the course of employment when the employee is being paid for travel time enroute to the job. The Hearing Commissioner found, and the Full Commission agreed: ". . . I find that the additional increment which the Claimant received for working out of town was for the purpose of covering his travel time and in payment of his travel time to and from the job site . . ."

We think there is substantial evidence supporting this finding. There need not be a finding of expressed agreement to furnish transportation or pay a sum in lieu thereof in order to bring a claim within the exception. It is sufficient if the agreement be implied.

In dealing with a similar question, the Court of Appeals of Louisiana, in *Gardner v. Industrial Indemnity Company*, 212 So. (2d) 452 (1968), had the following to say:

We are in accord with the generally applied rule that the agreement of the employer to furnish transportation or pay a sum in lieu thereof may be either express or implied. Likewise, we subscribe to the principle that in each instance the agreement of the employer to pay travel expenses, either as an incident to or concomitant to the employment agreement, is a question of fact to be determined in the light of the circumstances of each particular case.

It is the contention of the employer that the additional compensation bore no relation to distance traveled or travel time, but was paid purely because of inconvenience incident to being away from home. One of the owners testified that an employee could commute or live in Hendersonville. Expenses for travel was provided at the rate of fifteen cents per mile on the first day of a new job and on the last day; when special errands were run by an employee, the same rate of fifteen cents per mile was paid. The transcript of the record reveals the following testimony by the employee:

Q. Now, why did they pay you this 50 cents? This is what we want to know.

A. This was paid to constitute the travel time that it took for me to go from Greenville to the job and back every day.

Q. Well, did they tell you that? Or is this what you assumed?

A. At one time or another, to my recollection, various foremen that I've worked for have told me this. I don't know exactly who the gentlemen were, I don't remember exactly who they were but—

Q. Who employed you?

A. Who employed me? Mr. Walter Huff originally.

Q. Well, when he employed you did you have any understanding about your travel time?

A. I believe we did but I can't testify that I remember exactly what he did because it's been so long ago.

Under the facts of this case, the Industrial Commission might have found that the additional pay was not compensation for travel but we cannot say that there is no substantial evidence warranting the contrary conclusion. The scheme of payment and the amount thereof bears a definite relation to the travel involved and warrants the finding made by the Commission.

Affirmed.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.