1297

TRIPLE "F", INC., Respondent v. G. M. GERRARD and Jack Hunter, d/b/a Farm & Garden Center, Appellants.

(378 S. E. (2d) 67)

Court of Appeals

*Karl L. Kenyon* of *Kenyon & Lusk*, Anderson, *for appellants.*

*J. Calhoun Pruitt, Jr.* of *Pruitt & Pruitt,* Anderson, *for respondent.*

Heard Jan. 25, 1989.

Decided March 6, 1989.

SHAW, Judge:

Respondent, Triple "F", Inc., sued appellants, G. M. Gerrard and Jack Hunter, d/b/a Farm & Garden Center, for judgment on a promissory note. Gerrard and Hunter answered and counterclaimed alleging fraud, breach of warranties and failure of consideration. The jury returned a verdict for Triple "F". Gerrard and Hunter appeal. We affirm.

Gerrard and Hunter operated a farm feed and supplies business in Anderson, South Carolina. Triple "F" marketed a program designed to produce feed for dairy cattle using the farmer's grain mixed with extruded soybean meal, vitamins, and minerals. Gerrard and Hunter purchased the equipment and materials necessary to implement the program for the area from Triple "F." While many local dairy farmers initially accepted the program, they did not stay with it. When the dairy farmers discontinued the program, Gerrard and Hunter suffered financially and their account with Triple "F" became past due. The overdue account was later transformed into a promissory note, payable to Triple "F" and signed by Gerrard on behalf of Farm & Garden Center. After default on the promissory note, Triple "F" sued to recover the unpaid balance. By way of defense and counterclaim, Gerrard and Hunter asserted Triple "F" committed fraud by falsely representing the quality of the feed program. On appeal, Gerrard and Hunter contest only the aspects of the trial dealing with the issue of fraud. We affirm.

Gerrard and Hunter contend the trial judge erred in refusing to allow a Clemson extension agent to testify that Clemson University did not endorse the feed program Triple "F" sold to them. At trial, Gerrard and Hunter presented a Clemson extension agent, Terry Suddeth, who was accepted as an expert witness by the trial

judge. On direct examination, Suddeth was asked whether Clemson University endorsed this program for the dairy farmers in the area. Suddeth replied in the negative. Upon objection, however, the trial judge struck the answer. Suddeth later testified, in his opinion, the Triple "F" program was not economically feasible for dairy farmers in the area. Gerrard and Hunter contend Suddeth's testimony on Clemson University's refusal to endorse the program was crucial to the issue of fraud.

In order to constitute grounds for reversal, an error by the court must be shown to be prejudicial. *Sturkie v. Sifly*, 280 S. C. 453, 313 S. E. (2d) 316 (Ct. App. 1984). Even assuming the testimony should have been allowed, the exclusion of it was not prejudicial and therefore would amount to harmless error. The only testimony in the record regarding a representation by Triple "F" as to the University's endorsement was ineffective to establish fraudulent representation by Triple "F". During the trial, Gerrard alleged several false representations were made by Triple "F". However, when questioned about the agent's representations on whether it was a proven program, Gerrard responded, "He said it had been proven in other states, but it wasn't proven in South Carolina at the time." When asked what the agent was going to do in that regard Gerrard stated, "He was going to work with the University and get Clemson University to run some tests. And he was confident the tests would be successful." This testimony does not establish a representation that the program would be endorsed, but only the agent of Triple "F" was confident it would be successfully tested. Even if the testimony could be construed that the agent stated the program would be endorsed, it would merely be a prediction or a statement of an opinion on which Gerrard and Hunter had no right to rely. *See Gilbert v. Mid-South Machinery Co., Inc.*, 267 S. C. 211, 227 S. E. (2d) 189 (1976). (Generally, an action for fraud and deceit must be predicated on misstatements of fact rather than misstatements of opinion). We hold the agent's statement that he was confident the program would be endorsed constituted a misstatement of opinion and is ineffective to establish fraud on the part of Triple "F".

We hold all other issues raised to be manifestly without merit. S. C. Code Ann. § 14-8-250 (Supp. 1988).

Affirmed.

BELL and GOOLSBY, JJ., concur.