2254

Clarence T. BYRD, Deceased, Claimant, Appellant v. STACKHOUSE SHEET METAL WORKS, Employer, and South Carolina Uninsured Employer's Fund and South Carolina Second Injury Fund, Carrier, Respondents.

(451 S.E. (2d) 405)

Court of Appeals

*Christopher G. Isgett,* Columbia, *for appellant.*

*John David Whisenhunt, Jr.,* Florence, *for respondent Stackhouse Sheet Metal Works.*

*Brooks Shealy,* Columbia, *for respondent S.C. Uninsured Employer's Fund.*

Heard Oct. 4, 1994.

Decided Nov. 28, 1994.

HOWELL, Chief Judge:

This appeal arises from the denial of workers' compensation benefits to Clarence Byrd, who was killed in an automo-

bile accident while driving his truck home from work. In a two to one decision, the Full Commission adopted the single commissioner's order denying benefits on the ground that the accident did not fall within one of the exceptions to the "going and coming" rule. The circuit court affirmed the decision of the Commission. We likewise affirm.

## I.

The facts in this case are undisputed. Byrd died in an automobile accident while driving his truck home from work. Stackhouse Sheet Metal Works (the Employer) hired the decedent ten and a half years before the fatal accident. At the time, the Employer agreed to pay the decedent ninety dollars a month as an inducement to take the job, because the decedent did not wish to move his family from North Carolina. The decedent lived approximately 55 miles from the employer's business, and the $90.00 was "gas money" for travelling to and from work.

The decedent received raises in the ensuing years, but the separately paid ninety dollars remained constant. The decedent was the only employee of ten to receive this expense money, although the employer provided vehicles for its two salesmen. The employer did not pay any other costs associated with the decedent's travel to and from work. The ninety dollars did not fluctuate with any increases or decreases in the decedent's monthly mileage, and the decedent did not file any vouchers with the employer regarding mileage or travel time. There is no evidence the employer benefitted from the decedent living so far away from the business premises.

The decedent did not have any duties requiring him to be on the road. He was the shop foreman and performed his principal duties on the Employer's premises. At the time of his death, the decedent was driving home from work along his usual route. Although he occasionally made work-related stops on the way home, he was not engaged in any business for the Employer during the trip that resulted in his death.

## II.

As a general rule, injuries sustained while travelling to and from work are not compensable under workers' compensation law. *Howell v. Pacific Columbia Mills,*

291 S.C. 469, 354 S.E. (2d) 384 (1987).[1] However, South Carolina recognizes five exceptions to this rule: 1) if the employer provides the means of transportation or pays travel time; 2) if the employee performs duties during his commute; 3) if the way used is inherently dangerous; 4) if the place where the injury occurs is in such close proximity to the workplace that it is brought within the scope of employment; and 5) if the injury occurs while the employee is on a special errand for the employer. *Bickley v. South Carolina Elec. & Gas Co.*, 259 S.C. 463, 192 S.E. (2d) 866 (1972); *Sola v. Sunny Slope Farms*, 244 S.C. 6, 135 S.E. (2d) 321 (1964). The only exception relevant here is the first one.

Byrd argues the payment of gas money amounts to providing the means of transportation, and thus the accident should be covered under the first exception to the going and coming rule. We disagree.

Whether gas money constitutes the provision of transportation is a question of fact. *See McMillan v. Huntington & Guerry Elec. Co.*, 277 S.C. 552, 290 S.E. (2d) 810 (1982) (whether payment of additional hourly compensation brings the case within an exception to the going and coming rule is a question of fact). The courts use several factors to determine whether payment for travel is within the exception. First, the rule requires the provision of transportation to be "deliberate and substantial" for the employee to meet the exception. Arthur Larson, 1 *The Law of Workmen's Compensation* § 16.31 (1993). The travel money paid should defray all or substantially all of the cost of travel. *Id.* § 16.33. The underlying principle is that "employment should be deemed to include travel when the travel itself is a substantial part of the service performed." *Id.* § 16.31, p. 4-208.86. The basis for the rule is that the employer gains a benefit from the transportation.

Our research reveals no South Carolina case defining deliberate and substantial, and the parties cite none. However, the Virginia Supreme Court addressed this issue in *Gatx Tank Erection Co. v. Gnewuch*, 221 Va. 600, 272 S.E. (2d) 200 (1980). The Court held that six dollars per day paid as travel money did not qualify for the exception. *Id.* The court reasoned the money "was not related to travel time, distance travelled, or

---

[1] This rule is commonly referred to as the "going and coming rule."

the transportation expense actually incurred by the employee." *Id.* 272 S.E. (2d) at 203. Instead, the money represented additional compensation to attract skilled workers. *Id.*

A factor supporting compensation is whether a provision of transportation is held out as an inducement to employment. Larson, *supra,* at p. 4-208.87. It is undisputed here that the gas money was used to induce the decedent to take the job. However, simply hiring an employee who lives far away from the employer's premises, and the resulting expectation of extensive travel to and from work, is not a basis for awarding compensation. Here the employer received no benefit from the decedent's travels.

We affirm the circuit court. The Commission will not be reversed unless it is clearly unsupported by substantial evidence in the record. *Howell v. Pacific Columbia Mills,* 291 S.C. 469, 354 S.E. (2d) 384 (1987). We find no abuse of discretion by the Commission. Boyd did not prove the money provided was substantial. Byrd did not provide any evidence of the amount it cost decedent to travel to and from work. Although the gas money was held out as an inducement to employment, it did not substantially compensate the decedent for his travel time or travel expenses.[2]

Accordingly, the appealed order is

Affirmed.

SHAW, J., and HOWARD, Acting J., concur.

---

[2] The per-mile reimbursement (assuming twenty workdays per month and 110 miles per day) is less than five cents per mile.