2482

Harold EADIE, Employee, Respondent v. H.A. SACK COMPANY, employer, and The Home Insurance Company, Carrier, Appellants. ESTATE OF Phillip Wayne NIX, Employee, Respondent v. H.A. SACK COMPANY, Employer, and The Home Insurance Company, Carrier, Appellants. Don Michael STANLEY, Employee, Respondent v. H.A. SACK COMPANY, Employer, and The Home Insurance Company, Carrier, Appellants.

(470 S.E. (2d) 397)

Court of Appeals

*R. Earl Ellis, Jr., Andrew F. Lindemann* and *Patrick C. Fant, III,* of *Ellis, Lawhorne, Davidson & Sims,* Columbia, *for appellants.*

*J. Paul Detrick,* of *Peters, Murdaugh, Parker, Eltzroth & Detrick,* Hampton, *for respondents.*

Heard Feb. 7, 1996.

Decided Mar. 18, 1996; Reh. Den. May 23, 1996.

HEARN, Justice:

This is a workers' compensation case wherein three claims have been consolidated for appeal. H.A. Sack Company (H.A. Sack) appeals from an order of the single commissioner, affirmed by the commission and the circuit court, finding an au-

tomobile accident arose out of and in the course of the claimants' employment. We affirm.

In July 1992, A.B. Garrick, H.A. Sack's project manager, hired Harold Eadie as project superintendent for the Winsor II construction project located on Hilton Head Island. Eadie worked for H.A. Sack on two prior occasions and had been provided with a company vehicle each time; however, Garrick informed him no company vehicles were available for the Winsor II project. Garrick therefore agreed H.A. Sack would pay Eadie twenty-two cents per mile for using his personal vehicle to drive to and from the job site.

Garrick authorized Eadie to hire his own crew. Eadie testified he hired Don Stanley and told him H.A. Sack was not providing a company truck but would pay the gas cost for driving to and from the work site. Eadie and Stanley both lived in Hampton, South Carolina, and routinely rode to work in the same vehicle whenever they worked together.[1] Eadie also told Stanley they could alternate driving their vehicles to and from the job site and charge the gas to Eadie's personal credit card which Eadie would in turn pay with the money from H.A. Sack. Later, Eadie hired Phillip Nix, who also lived in Hampton, and made the same agreement with him regarding transportation to and from the job site.

On December 8, 1992, Eadie, Stanley, and Nix were involved in an automobile accident while driving from Hampton to Hilton Head. At the time of the accident, the three were traveling in Nix's vehicle and Nix was driving. As a result of the accident, Nix was killed and Eadie and Stanley were seriously injured.

Eadie, Stanley and Nix's estate filed separate workers' compensation claims against H.A. Sack and its carrier. The three claims were consolidated for a hearing before the commissioner. In each case, the commissioner found the accident arose out of and in the course of the claimants' employment and accordingly found the resulting injuries compensable. Specifically, the commissioner found H.A. Sack's payment of mileage equated to providing transportation for the claimants to and from the job site and therefore qualified as an exception to the "going and coming rule." H.A. Sack appealed to the

---

[1] Eadie testified Hampton is seventy miles from Hilton Head.

full commission, which fully affirmed and adopted the commissioner's decision in each case. H.A. Sack then appealed to the circuit court, which found substantial evidence to support the commissioner's decision as affirmed by the commission. This appeal followed.

## I.

On appeal, H.A. Sack argues the circuit court erred in applying the substantial evidence standard of review rather than the preponderance of the evidence standard. Specifically, H.A. Sack argues the substantial evidence standard is inapplicable to this case because the material facts of the case are undisputed. *See Sylvan v. Sylvan Bros., Inc.,* 225 S.C. 429, 433, 82 S.E. (2d) 794, 795 (1954) *quoting Jordan v. Dixie Chevrolet, Inc.,* 218 S.C. 73, 77, 61 S.E. (2d) 654, 656 (1950) ("Upon admitted or established facts the question of whether an accident is compensable is a question of law and this is not an invasion of the fact-finding field of the Commission"). We reject this argument. Whether gas money constitutes the provision of transportation is itself a question of fact. *Byrd v. Stackhouse Sheet Metal Works,* 317 S.C. 35, 451 S.E. (2d) 405 (Ct. App. 1994) (applying the substantial evidence standard of review in a case involving the "going and coming rule" where the facts of the case were undisputed) *citing McMillan v. Huntington & Guerry Elec. Co.,* 277 S.C. 552, 290 S.E. (2d) 810 (1982) (whether payment of additional hourly compensation brings the case within an exception to the "going and coming rule" is a question of fact).

## II.

H.A. Sack argues the commissioner erred in finding the claimants' injuries compensable under an exception to the "going and coming rule." We disagree.

Generally, injuries sustained while travelling to and from work are not compensable under workers' compensation law.[2] *Howell v. Pacific Columbia Mills,* 291 S.C. 469, 354 S.E. (2d) 384 (1987); *Slough v. Westinghouse Savannah River Co.,* 311 S.C. 129, 427 S.E. (2d) 716 (Ct. App. 1993). However, South Carolina recognizes five exceptions to

---

[2] This rule is commonly referred to as the "going and coming rule."

this rule: 1) if the employer provides the means of transportation or pays travel time; 2) if the employee performs duties during his commute; 3) if the way used is inherently dangerous; 4) if the place where the injury occurs is in such close proximity to the workplace that it is brought within the scope of employment; and 5) if the injury occurs while the employee is on a special errand for the employer. *Bickley v. South Carolina Elec. & Gas Co.*, 259 S.C. 463, 192 S.E. (2d) 866 (1972); *Sala v. Sunny Slope Farms*, 244 S.C. 6, 135 S.E. (2d) 321 (1964); *Byrd v. Stackhouse Sheet Metal Works*, 317 S.C. 35, 451 S.E. (2d) 405 (Ct. App. 1994). The first exception is the only one relevant here.

As noted above, the question of whether gas money constitutes the provision of transportation is a question of fact. *Byrd v. Stackhouse Sheet Metal Works*, 317 S.C. 35, 451 S.E. (2d) 405 (Ct. App. 1994). The courts use several factors to determine whether payment for travel is within the exception: 1) the provision of transportation must be deliberate and substantial for the employee to meet the exception; 2) the travel money paid should defray all or substantially all of the cost of travel; 3) employment should be deemed to include travel when the travel itself is a substantial part of the service performed. *Id* at 38, 451 S.E. (2d) at 407 *citing* Arthur Larson, 1 *The Law of Workmen's Compensation* § 16.31 & 16.33 (1993). Another factor supporting compensation is whether a provision of transportation is held out as an inducement to employment. *Id*. The basis for the exception to the general rule is that the employer gains a benefit from the transportation. *Id*. We are unaware of any South Carolina authority, and H.A. Sack cites none, indicating any one of the above factors is dispositive of the issue to the exclusion of the others.

Garrick testified Eadie would have been provided a company truck had one been available. Because H.A. Sack was unable to provide Eadie with a company vehicle, the company agreed to pay Eadie twenty-two cents per mile as compensation for the use of his own vehicle. Under this agreement, H.A. Sack clearly contemplated paying Eadie for providing his own transportation. This agreement without question constitutes a "deliberate and substantial" provision for transportation intended to defray all costs of travel and to serve as an inducement to employment. In addition, Eadie testified he

used his vehicle, a pickup truck, on the job site for work-related purposes, thus conferring a direct benefit on H.A. Sack.[3] Further, H.A. Sack candidly admits "the bottom line is that the reimbursement of Eadie's mileage in his personal vehicle at a rate of twenty-two cents per mile is the equivalent of providing a company vehicle." Further, Eadie's testimony indicates he offered to provide stanley and Nix with transportation to the job site as an inducement to employment. Eadie testified he entered into the agreement with Stanley and Nix as an incident of their employment.

### III.

H.A. Sack also asserts the provision of transportation exception to the "going and coming rule" should not apply because Eadie deviated from his agreement with the company. Specifically, H.A. Sack argues the exception is 1) inapplicable as to Eadie because he was not driving his personal vehicle at the time of the accident and 2) inapplicable as to Stanley and Nix because Eadie lacked authority to obligate the company to pay transportation costs for his crew. We disagree.

The commissioner found that Eadie's deviation from his agreement with H.A. Sack was insignificant at best. H.A. Sack agreed to pay Eadie's transportation costs in lieu of providing him with a company vehicle; thus the purpose of the agreement was simply to provide Eadie with a means of getting to and from work at no cost to him. Moreover, while Garrick testified he did not authorize Eadie to offer Stanley and Nix transportation costs, Eadie was being paid the same amount, traveling for the same purpose, and traveling on the same route as he would have been had he been driving his own vehicle or an H.A. Sack vehicle. Further, Garrick testified he knew Stanley would be riding to and from the job site with Eadie and he would not have objected had he known Nix would be traveling with Eadie.

The commissioner also found Eadie had at least "assumed" (sic) authority to enter into the agreement with Stanley and

---

[3] Eadie testified Stanley's truck was used for work-related purposes at the site; however, Eadie could not specifically recall whether Nix's car was used at the site. Stanley, however, testified he used Nix's vehicle to pick up supplies while at the site.

Nix. We affirm his decision on the ground Eadie had apparent authority.

The doctrine of apparent authority provides that a ■ principal may be bound by the acts of its agent when the principal has placed the agent in a position such that third parties are reasonably led to believe the agent has certain authority and they in turn deal with the agent in reliance on this manifestation. *Fernander v. Thigpen*, 278 S.C. 140, 143, 293 S.E. (2d) 424, 426 (1982); *see also Visual Graphics Leasing Corp. v. Lucia*, 311 S.C. 484, 488, 429 S.E. (2d) 839, 841 (Ct. App. 1993) ("The concept of apparent authority depends upon manifestations by the principal to a third party and the reasonable belief by the third party that the agent is authorized to bind the principle.").

It is uncontested Garrick expressly authorized Eadie to hire his own crew and to offer them hourly wages, within a reasonable range, based on Eadie's knowledge of each crew member's level of skill. Garrick admitted he never spoke with Stanley or Nix regarding what their employment arrangement was with Eadie. Because Eadie personally hired Stanley and Nix and set their wages, and because the two had no contact from any other H.A. Sack authority regarding the terms of their employment, they could have reasonably believed Eadie had complete authority to negotiate any and all employment terms including provisions for transportation. Because H.A. Sack, through Garrick, placed Eadie in a position impliedly manifesting his authority to dictate the employment terms, we agree with the commissioner the company is estopped from denying the agency. *See* 3 Am. Jur. (2d) *Agency* § 81 (1986) (there is no true difference between apparent authority and agency by estoppel).

## IV.

H.A. Sack contends the commissioner committed re- ■ versible error in effectively taking judicial notice that "it is common practice in the construction industry for construction supervisors, such as Harold Eadie, to bring helpers and laborers to work." Specifically, H.A. Sack argues the commissioner improperly based this finding on his own personal knowledge. We agree. A trial court may take judicial notice of a fact only if sufficient notoriety attaches to the fact

involved as to make it proper to assume its existence without proof. *Moss v. Aetna Life Ins. Co.*, 267 S.C. 370, 228 S.E. (2d) 108 (1976). A fact is not subject to judicial notice unless the fact is either of such common knowledge that it is accepted by the general public without qualification or contention, or its accuracy may be ascertained by reference to readily available sources of indisputable reliability. *Masters v. Rodgers Dev. Group*, 283 S.C. 251, 321 S.E. (2d) 194 (Ct. App. 1984). In light of this standard, the fact that construction supervisors commonly provide their crew members with transportation to and from work is not a fact properly subjected to judicial notice. Nevertheless we hold the commissioner's error in this regard was harmless and thus not subject to reversal. *Triple "F", Inc. v. Gerrard*, 298 S.C. 44, 378 S.E. (2d) 67 (Ct. App. 1989) (even if testimony should have been allowed, the exclusion of it was not prejudicial and, therefore, would amount to harmless error); *JKT, Co. v. Hardwick*, 274 S. C. 413, 265 S.E. (2d) 510 (1980) (an error not shown to be prejudicial does not constitute grounds for reversal). Garrick was candid in his admission he knew Eadie would be driving at least one of his crew members to and from the job site and, as such, H.A. Sack was not prejudiced by the imprudent taking of judicial notice.

For the foregoing reasons, the decision of the trial court is

Affirmed.

CURETON and GOOLSBY, JJ., concur.