THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Jessie Stutts, Respondent,
 v.
 Harper James Finucan, Inc., Employer, and Auto Owners Insurance Co., Carrier, Appellants.
 
 
 

Appeal From Charleston County
 Kenneth G. Goode, Circuit Court Judge

Unpublished Opinion No. 2007-UP-300
 Submitted June 1, 2007  Filed June 8,
 2007

REVERSED

 
 
 
 Kirsten L. Barr and Roy A. Howell, III, both of Mt. Pleasant, for Appellants.
 Cameron Marshall and Paul N. Uricchio, III, both of Charleston,
 for Respondent.
 
 
 

PER CURIAM:  Harper
 Finucan, Inc., and Auto Workers Insurance appeal a circuit court order
 reversing the final decision and order of the Appellate Panel of the Workers
 Compensation Commission.  Appellants argue the circuit court disregarded the
 proper standard of review by making its own findings of fact and awarding
 benefits to Jessie Stutts.  We reverse.[1]
FACTS
Stutts
 began working for Happy Finucan, owner of Harper Finucan, Inc., as a plumber in
 March 2001.  Stutts was an hourly employee, but was not paid for his travel
 time to or from work.  Finucan had initially agreed to provide Stutts with a
 work vehicle, but this never happened.  Instead, Stutts bought a truck himself to
 travel to and from work.  Stutts had his own insurance policy on his truck, was
 free to use the truck as he chose, and was responsible for all repairs on his
 truck.  However, Finucan or his subordinates routinely paid to fill up Stutts
 gas tank, usually once but sometimes twice in a week.  
On the morning of September 12, 2002, Stutts left his truck at
 Rumphs Garage for repairs to the brakes. Finucan agreed to pay for these
 repairs because Stutts could not afford them.  That afternoon after work,
 Stutts picked up his truck and headed home.  On the way home, Stutts rear-ended
 a tractor-trailor and sustained injuries.  
After the
 accident, Stutts filed a claim for workers compensation.  The single commissioner
 determined that Stutts injury was compensable under the provision of
 transportation exception to the going and coming rule.  The Appellate Panel
 reversed, finding Stutts accident was unrelated to his employment and his
 injury did not occur during the course and scope of his employment.  Further,
 the Appellate Panel concluded that the exceptions to the going and coming
 rule did not apply to this case because  Finucan did not provide Stutts
 transportation, did not pay for Stutts travel time, and did not charge him
 with any special errand after work that day.  
Stutts
 appealed to the circuit court.  The circuit court reversed and reinstated the
 decision of the single commissioner.  This appeal followed.
STANDARD OF
 REVIEW
The Administrative Procedures Act
 establishes the substantial evidence standard for judicial review of
 decisions of the Workers Compensation Commission.  Lark v. Bi-Lo, 276
 S.C. 130, 276 S.E.2d 304 (1981).  The findings of the Workers Compensation
 Commission will not be set aside if the findings are supported by substantial
 evidence and are not controlled by legal error.  Gray v. Club Group, Ltd.,
 339 S.C. 173, 528 S.E.2d 435 (Ct. App. 2000).  Substantial evidence is evidence
 that, when viewing the record as a whole, would allow reasonable minds to reach
 the conclusion the commission reached. Lockridge v. Santens, 344 S.C.
 511, 544 S.E.2d 842 (Ct. App. 2001).  The appellate court may not substitute
 its judgment for that of the commission as to the weight of the evidence on
 questions of fact.  Liberty Mut. Ins. Co. v. S.C. Second Injury Fund,
 363 S.C. 612, 611 S.E.2d 297 (Ct. App. 2005).
LAW/ANALYSIS
Finucan and Auto Workers appeal the circuit court order awarding
 benefits to Stutts, arguing the circuit court disregarded the proper standard
 of review by making its own findings of fact.  We agree.  
Injuries sustained while traveling to and
 from work are generally not compensable under workers compensation law.[2]  Eadie v. H.A. Sack Company, 322 S.C. 164, 168, 470 S.E.2d 397, 399 (Ct.
 App 1996).  However, South Carolina recognizes five
 exceptions to this rule: 1) if the
 employer provides the means of transportation or pays travel time; 2) if the
 employee performs duties during his commute; 3) if the way used is inherently
 dangerous; 4) if the place where the injury occurs is in such close proximity
 to the workplace that it is brought within the scope of employment; and
 5) if the injury occurs while the employee is on a special errand for the
 employer.  Id. 168-69, 400.  
The first exception is the
 only one at issue here.  The Appellate Panel found this exception
 did not apply because the Employer did not provide [Stutts] a means of
 transportation by providing work tools, paying of one tank of gas each week,
 and paying for repairs at Rumphs . . . .  The evidence establishes the [Stutts]
 was driving his own vehicle.  However, the circuit court, relying on Eadie
 v. H.A. Sack Co., found that these facts clearly constituted provision of
 transportation by the employer.  322 S.C. 164, 470 S.E.2d 397 (Ct. App. 1996).
  Thus, the circuit court held that Stutts trip home qualified as an exception
 to the going and coming rule and thereby brought Stutts within the benefits
 of the Workers Compensation Act. 
Whether the circumstances of this case constitute the provision of
 transportation is a question of fact, subject to the substantial evidence
 standard of review.  Eadie v. H.A. Sack Co., 322 S.C. 164, 470 S.E.2d
 397 (Ct. App. 1996).  Thus, if substantial evidence supports the Appellate
 Panels finding, we must affirm.
In this case, Stutts purchased his own vehicle, paid his own
 insurance and taxes on the vehicle, and was not paid any wage while traveling
 to and from work.  Substantial evidence therefore supported the Appellate
 Panels determination that Finucan did not provide transportation to Stutts. 
Further, we do not believe Eadie supports
 reversal of the Appellate Panels finding of fact.  In Eadie, the
 employer admitted his provision of transportation to the employee, stating:
 the bottom line is that the reimbursement of Eadies mileage in his personal
 vehicle at a rate of twenty-two cents per mile is the equivalent of providing a
 company vehicle.  Eadie, 322 at 170, 470 S.E.2d at 400 (Ct. App.
 1996).  The
 Appellate Panel in Eadie found there was a provision of transportation,
 and therefore claimant was entitled to benefits.  Thus, consistent with the
 scope of review, the court of appeals found substantial evidence supported the
 Appellate Panels decision and affirmed the award.
In this case, however, the Appellate Panel found
 Finucan did not provide transportation to Stutts.  Like in Eadie, there
 is substantial evidence to support that finding, and the circuit court therefore
 erred in reversing the Appellate Panel.  Accordingly, the circuit courts award
 of benefits is
REVERSED.
HEARN,
 C.J., and KITTREDGE, J., and CURETON, A.J.
 

[1] We decide this
 case without oral argument pursuant to Rule 215, SCACR.
[2] This is often referred to
 as the going and coming rule.