**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Jorge Lopez-Celestin, Claimant, Appellant,

v.

Reeves Young, LLC, and Holder Construction Group, Employers, and Amerisure Insurance Company, and American Zurich Insurance Company, Carriers, Defendants,

of whom Reeves Young, LLC and Amerisure Insurance Company are Respondents.

Appellate Case No. 2020-000739

Appeal From The Workers' Compensation Commission

Unpublished Opinion No. 2023-UP-219
Heard April 12, 2023 – Filed June 7, 2023

**AFFIRMED**

C. Daniel Vega and James David George, Jr., both of Smith, Born, Leventis, Taylor & Vega, LLC, of Columbia, for Appellant.

Jason Alexander Griggs, of Willson Jones Carter & Baxley, P.A., of Greenville, and Marina Lynn Goewey, of Greenville, for Respondents.

———————

**PER CURIAM:** Jorge Lopez-Celestin sought workers' compensation benefits for an injury he sustained while driving home from work on an out-of-state job. The Workers' Compensation Commission determined Lopez-Celestin was not in the course of employment under the "going and coming" rule. Lopez-Celestin argues his injury was compensable because Reeves Young—his employer—was paying him more while he worked the out-of-state job.

There is some suggestion that Lopez-Celestin argues the "special errand" exception to the going and coming rule applies. We do not read Lopez-Celestin's appellate briefs as making that argument. Instead, his entire argument is directed to the "travel compensation" exception. *See Jinks v. Richland County*, 355 S.C. 341, 344 n.3, 585 S.E.2d 281, 283 n.3 (2003) (deeming an issue the appellant failed to argue in its brief abandoned).

As far as the "travel compensation" exception is concerned, substantial evidence supports the commission's finding that it does not apply to the facts of this case. *See Sola v. Sunny Slope Farms*, 244 S.C. 6, 14, 135 S.E.2d 321, 326 (1964) (explaining the rule and exception); *Gadson v. Mikasa Corp.*, 368 S.C. 214, 221, 628 S.E.2d 262, 266 (Ct. App. 2006) (setting out the substantial evidence standard of review). The amount of additional money Reeves Young paid Lopez-Celestin did not depend on the distance he traveled. *Cf. McMillan v. Huntington & Guerry Elec. Co.*, 277 S.C. 552, 553, 290 S.E.2d 810, 811 (1982) (involving an increase in hourly wage by an amount that depended on the distance from the employer's office to the job site); *Eadie v. H.A. Sack Co.*, 322 S.C. 164, 167, 470 S.E.2d 397, 399 (Ct. App. 1996) (involving the payment of twenty-two cents for every mile driven to and from the job site); *Gray v. Club Grp., Ltd.*, 339 S.C. 173, 179, 528 S.E.2d 435, 438 (Ct. App. 2000) (involving the payment of money for mileage). Reeves Young did not offer Lopez-Celestin a company vehicle, and the record does not indicate that Lopez-Celestin used his personal vehicle for work-related purposes on site, for transporting supplies, or for any other purpose that benefitted Reeves Young. *Cf. Eadie*, 322 S.C. at 167, 170, 470 S.E.2d at 399-400 (involving payment in lieu of a company vehicle because none were available, which the court found was equivalent to providing a company vehicle); *id.* at 170, 470 S.E.2d at 400 (stating the employee's personal vehicle was a pickup truck that he used on the job site for work-related purposes, which benefitted the employer); *see also Byrd v. Stackhouse Sheet Metal Works*, 317 S.C. 35, 38, 451 S.E.2d 405, 407 (Ct. App. 1994) (explaining the basis for the exception is that the employer benefits from the transportation). Also, Lopez-Celestin was not on the clock while he was commuting.

*Cf. Gray*, 339 S.C. at 179, 189, 528 S.E.2d at 438, 444 (involving payment for time spent in transport).

Undoubtedly, one could argue that some of the factors used to determine whether a case falls within the travel compensation exception are present here. It appears the per diem and the increased hourly wage defrayed the entire cost of Lopez-Celestin's travel. *See Byrd*, 317 S.C. at 38, 451 S.E.2d at 407 ("[T]he rule requires the provision of transportation to be . . . 'substantial' for the employee to meet the exception. The travel money paid should defray all or substantially all of the cost of travel." (citing Arthur Larson, 1 *The Law of Workmen's Compensation* § 16.31 (1993)); *Eadie*, 322 S.C. at 169, 470 S.E.2d at 400 (finding a deliberate and substantial provision of transportation because the employer paid its employee for providing his own transportation an amount intended to defray all travel costs). On top of that, Lopez-Celestin's supervisor, who drove a company car and had a Reeves Young gas card, did not testify to receiving any additional money besides the per diem. This might suggest that the increased hourly wages paid to employees (like Lopez-Celestin) driving their personal vehicles was deliberate payment for travel. *See Byrd*, 317 S.C. at 38, 451 S.E.2d at 407 (stating the provision of transportation should be 'deliberate' for the exception to apply); *McMillan*, 277 S.C. at 555, 290 S.E.2d at 811 (explaining an agreement to pay a sum for transportation can be implied). There does not seem to be any question that Reeves Young meant for the increased payments to induce its employees to work on the Clemson projects. *See Byrd*, 317 S.C. at 39, 451 S.E.2d at 407 ("A factor supporting compensation is whether a provision of transportation is held out as an inducement to employment." (citing Larson, *supra*, at p. 4–208.87)).

Nevertheless, no one factor controls, *McMillan* insists that the analysis depends on the facts of each case, and we cannot substitute our judgment for the commission's judgment on questions of fact. *McMillan*, 277 S.C. at 555-56, 290 S.E.2d at 812 (explaining courts determine whether the exception applies in light of the facts of each particular case); *Clark v. Aiken Cnty. Gov't*, 366 S.C. 102, 107, 620 S.E.2d 99, 101 (Ct. App. 2005) (explaining this court cannot override the commission's judgment with respect to the weight and credibility of evidence on questions of fact); *see also Gadson*, 368 S.C. at 221, 628 S.E.2d at 266 (explaining the ability to draw a different conclusion from the evidence does not necessarily mean substantial evidence does not support the commission's decision). The commission found as a fact that the increased payments were not compensation for Lopez-Celestin's travel. We cannot say that finding is clearly erroneous in view of the reliable and substantial evidence in the record.

Lopez-Celestin's remaining argument for reversal is that the commission erred in excluding certain deposition testimony from evidence. Lopez-Celestin is right that the rules of evidence do not apply to proceedings at the commission. *See* S.C. Code Ann. § 1-23-330(1) (2005) (exempting the commission from the requirement to follow the rules of evidence); *Hallums v. Michelin Tire Corp.*, 308 S.C. 498, 504, 419 S.E.2d 235, 239 (Ct. App. 1992) (explaining the commission has "wide latitude" in evidentiary matters); *Ham v. Mullins Lumber Co.*, 193 S.C. 66, 82, 7 S.E.2d 712, 719 (1940) (explaining the commission exercises "great liberality" in allowing the introduction of evidence). Nevertheless, the record reflects that the deposition testimony in question merely reiterated testimony in the record. And at least as far as we can discern, there is no dispute regarding the underlying facts of this case. *See Eadie,* 322 S.C. at 172, 470 S.E.2d at 401 (explaining an error by the commission should be prejudicial to warrant reversal). Therefore, the commission's order is

**AFFIRMED.**

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**