528 S.E.2d 667

**William Leroy HAMILTON, Respondent,**

v.

**BOB BENNETT FORD, Employer, and South Carolina Automobile Association, Carrier, Petitioners.**

No. 25071.

Supreme Court of South Carolina.

Submitted Jan. 26, 2000.

Decided Feb. 22, 2000.

L. Elaine Mozingo and Andrea C. Pope, both of Barnes, Alford, Stork & Johnson, of Columbia, for petitioners.

Lex A. Rogerson, Jr.; and S. Belinda Ellison, both of Lexington, for respondent.

PER CURIAM:

Petitioners filed a petition for a writ of certiorari seeking review of the Court of Appeals' decision in *Hamilton v. Bob Bennett Ford*, 336 S.C. 72, 518 S.E.2d 599 (Ct.App.1999). We grant certiorari, in part, to review that portion of the Court of Appeals' decision addressing the admissibility of Sandra Powell's hearsay testimony and dispense with further briefing. In all other respects, the petition for a writ of certiorari is denied.

During the hearing before the single commissioner, Powell, an employee of Bob Bennett Ford's insurer, testified that she called Bob Bennett Ford and asked Mr. Keith, who was a manager at Bob Bennett Ford, if he was aware of respondent's condition and that Keith stated that he was not. Respondent objected on hearsay grounds; however, the single commissioner allowed the testimony and ultimately found respondent's claim barred by the applicable statute of limitations.

Respondent appealed, arguing, among other things, that the single commissioner erred in allowing Powell's hearsay testimony. The full commission and the circuit court affirmed the single commissioner's ruling admitting Powell's hearsay testimony.

The Court of Appeals, however, citing the South Carolina Rules of Evidence, defined hearsay and noted that it is generally inadmissible. The Court of Appeals then concluded that Powell's testimony did not fall within an established hearsay exception and was thus inadmissible. *Hamilton,* 336 S.C. at 73, 518 S.E.2d at 599.

In reaching this decision, the Court of Appeals failed to recognize the fact that the South Carolina Rules of Evidence do not apply in proceedings before the Workers' Compensation Commission. S.C.Code Ann. § 1–23–330(1) (1986 & Supp. 1999) (except in proceedings before the Workers' Compensation Commission, rules of evidence apply in contested matters before an agency); *see also Ham v. Mullins Lumber Co.,* 193 S.C. 66, 7 S.E.2d 712 (1940) ("great liberality is exercised in permitting the introduction of evidence in proceedings under Workmen's Compensation Acts.").

■ However, even under the proper standard, Powell's hearsay testimony is still inadmissible. Hearsay testimony may be admissible in workers' compensation matters if corroborated by facts, circumstances, or other evidence. *Ham,* 193 S.C. at 82, 7 S.E.2d at 719. We find that Powell's hearsay was not corroborated by any evidence presented at the hearing. Moreover, Powell's testimony regarding her conversation with Mr. Keith does not meet the requirements of an admission against interest by a party opponent and thus was not admissible on that ground. *See Bunch v. Cobb,* 273 S.C. 445, 257 S.E.2d 225 (1979).

Accordingly, the Court of Appeals' decision is affirmed as modified.