THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT 
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Elaine W. McCallum,       
Appellant,
 
 
 

v.

 
 
 
Beaufort County School District, Self-Insured Employer, through the South 
 Carolina Boards Insurance Trust,        
 
 
 

Appeal From Beaufort County
Perry M. Buckner, Circuit Court Judge

Unpublished Opinion No. 2005-UP-113
Submitted February 1, 2005  Filed February 
 14, 2005

AFFIRMED

 
 
 
J. Olin McDougall, II, of Beaufort, for Appellant.
Kirsten Leslie Barr, of Mt. Pleasant, for Respondent.
 
 
 

PER CURIAM:  Elaine W. McCallum appeals 
 the circuit courts order affirming the South Carolina Workers Compensation 
 Commissions (the Commission) decision denying her workers compensation benefits.  
 We affirm. [1] 
FACTS
McCallum sought benefits for injuries 
 she sustained in an accident that allegedly occurred during the course and scope 
 of her employment as a gifted and talented teacher at St. Helena Elementary 
 School on August 23, 2000.    
McCallum testified on her own behalf before 
 the Single Commissioner.  According to her testimony, on the day of the accident 
 McCallum was calculating student grade point averages, which required her to 
 review student files located in the schools main office.  The files were stored 
 in eleven by fourteen inch boxes.  McCallum alleged she was lifting a box of 
 files when she turned and her right knee popped out.  She remained at work 
 for part of the day, but eventually signed a blank leave sheet, a form an 
 employee would sign to indicate absence, and went home.  McCallum did not fill 
 out a workers compensation incident report or report her injury to a supervisor 
 that day.  She testified that Joyce Chisolm, the school nurse, heard her cry 
 out, I think Ive killed myself, Ive hurt my knee.  However, at the hearing, 
 Chisolm testified that although her office was next to the student files, she 
 never heard McCallum cry out in pain and knew nothing of an injury.      
Following the alleged accident, McCallum continued 
 working.  McCallum testified that she made an appointment with Dr. Rodin, an 
 orthopedist, for September 1, 2000.  Prior to her September 1 appointment with 
 Dr. Rodin, McCallum sought treatment for a cough from Dr. Jenkins, an associate 
 doctor within the same practice.  According to Dr. Jenkinss record dated August 
 31, 2000, McCallum did not complain of any problem with her knee. 
McCallum then saw Dr. Rodin, but failed to check 
 the box directly above her signature on the patient registration form to indicate 
 her injury was work related.  Language located directly above McCallums signature 
 on the patient registration form stated that written workers compensation verification 
 was needed before she could be seen if her problems were work related.  The 
 second page of the registration form contained a space for McCallum to list 
 all injuries she could recall with appropriate dates; however, she listed 
 no injuries and Dr. Rodin filled the space with a Ø symbol showing no injuries.  
 On the final page of the registration form, McCallum signed a statement acknowledging 
 her responsibility for the payment of treatment costs.  
On September 8, 2000, McCallum sustained another 
 injury while shopping.  McCallum was leaving a store and leaning on a shopping 
 cart when a store employee jerked the cart away causing her hip to pop and 
 a pain to shoot down past her right knee.  
McCallum submitted Dr. Rodins records in support 
 of her workers compensation claim.  Dr. Rodins record dated November 2, 2000, 
 reveals that McCallum was unsure of the date of her injury.  Dr. Rodins report 
 dated September 1, 2000, suggests McCallum twisted her knee carrying boxes of 
 student files on August 23, 2000.  A notation at the bottom of the page shows 
 the note was not dictated until April 24, 2001, because, according to Rodin, 
 the original dictation couldnt be found.  Dr. Rodin testified, via deposition, 
 that he relied on his recollections, handwritten notes, and McCallums registration 
 form in dictating the note.  McCallum, however, did not mention any history 
 of an accident on her registration form, and Dr. Rodins handwritten notes indicate 
 McCallum had no history of an accident.   Moreover, on March 21, 2001, 
 Dr. Rodin dictated an operative note reporting McCallum injured her knee as 
 the result of a fall.  The Commission affirmed the Single Commissioners finding 
 that Dr. Rodins dictation was neither reliable nor credible and his opinions 
 should be accorded little weight.   
Dr. Laverne Davis, principal of St. Helena Elementary 
 School, testified on behalf of Beaufort County School District at the hearing.  
 Dr. Davis testified she first learned of McCallums injury in November 2000.  
 Prior to that time, Dr. Davis thought McCallum was out of work due to the injuries 
 she sustained while shopping.  Although McCallum informed Davis she needed to 
 attend physical therapy sessions, McCallum did not tell Davis she was injured 
 at work during the months of August, September, or October.  
After she learned of McCallums allegations, Dr. 
 Davis investigated by speaking to everyone who worked in the school office and 
 witnesses listed on the incident report McCallum filled out in November 2000, 
 including Terry Miller.  Dr. Davis testified that no one, including Miller, 
 had any knowledge of McCallum injuring her right knee at work.  The Single Commissioner 
 admitted the deposition testimony of Miller into evidence at the hearing.  In 
 her deposition, Miller testified that she first learned McCallum was injured 
 when she called and reported her shopping injury.  According to Miller, it was 
 not until much later that she learned McCallum alleged she was injured at work.     

Following the hearing, the Single Commissioner 
 issued an order finding McCallum was not entitled to workers compensation benefits 
 because she was not injured within the course and scope of her employment.  
 McCallum appealed to the Commission, arguing the Single Commissioner erred in:  
 1). finding McCallum was not injured in the course and scope of her employment; 
 2). admitting the deposition testimony of Miller; 3). admitting the hearsay 
 testimony of Dr. Davis; 4). according little weight to Dr. Rodins testimony 
 and records; and 5). finding McCallum lacked credibility and was too highly 
 educated to misunderstand the patient registration forms.  The Commission unanimously 
 affirmed the order of the Single Commissioner in its entirety.  
McCallum appealed to the circuit court.  The circuit 
 court affirmed the decision of the Commission and denied McCallums motion for 
 reconsideration.  This appeal followed.
STANDARD OF REVIEW
The Administrative Procedures Act establishes the 
 standard of review for decisions by the Workers Compensation Commission. Lark 
 v. Bi-Lo, Inc., 276 S.C. 130, 132, 276 S.E.2d 304, 305 (1981).  The 
 appellate courts review is limited to deciding whether the commissions decision 
 is unsupported by substantial evidence or is controlled by some error of law. 
 Hendricks v. Pickens County, 335 S.C. 405, 411, 517 S.E.2d 698, 
 701 (Ct. App. 1999); see Roper Hosp. v. Clemons, 
 326 S.C. 534, 536, 484 S.E.2d 598, 599 (Ct. App. 1997) (On appeal from the 
 Workers Compensation Commission, this court may reverse where the decision 
 is affected by an error of law.).  It is not within our province to reverse 
 findings of the Commission which are supported by substantial evidence.  Broughton 
 v. South of the Border, 336 S.C. 488, 496, 520 S.E.2d 634, 637 (Ct. 
 App. 1999).  
DISCUSSION
I.  Scope of Employment
McCallum argues the Commission erred in finding that she 
 did not prove she sustained an injury in the course and scope of her employment 
 on August 23, 2000.  We disagree.
In order to receive workers compensation benefits, 
 McCallum must prove that she sustained an injury by accident arising out of 
 and in the course of the employment. S.C. Code Ann. § 42-1-160 (Supp. 2004).  
 The Commission found McCallum was not entitled to benefits and affirmed the 
 Single Commissioners ruling that McCallum did not sustain an injury by accident 
 arising out of her employment on August 23, 2000.  We must affirm the Commissions 
 ruling unless it is clearly erroneous in view of the substantial evidence on 
 the whole record.  Nettles v. Spartanburg Sch. Dist. #7, 341 S.C. 
 580, 586, 535 S.E.2d 146, 149 (Ct. App. 2000).  Substantial evidence is not 
 a mere scintilla of evidence nor the evidence viewed blindly from one side of 
 the case, but is evidence which, considering the record as a whole, would allow 
 reasonable minds to reach the conclusion that the administrative agency reached 
 or must have reached in order to justify its action.  Miller by Miller 
 v. State Roofing Co., 312 S.C. 452, 454, 441 S.E.2d 323, 324-25 
 (1994) (quoting Lark v. Bi-Lo, Inc., 276 S.C. 130, 135, 276 S.E.2d 
 304, 306 (1981)).  The substantial evidence rule does not allow judicial fact-finding, 
 or the substitution of judicial judgment for agency judgment.  A judgment upon 
 which reasonable men might differ will not be set aside.  Todds Ice Cream, 
 Inc. v. South Carolina Employment Sec. Commn, 281 S.C. 254, 258, 315 S.E.2d 
 373, 375 (Ct. App. 1984).  However, [w]here there is a conflict in the evidence, 
 either of different witnesses or of the same witnesses, the findings of fact 
 of the Commission as triers of the fact are conclusive.  Holcombe v. Dan 
 River Mills/Woodside Div., 286 S.C. 223, 225, 333 S.E.2d 338, 340 (Ct. App. 
 1985).
Our review of the record indicates there was substantial 
 evidence to support the Commissions finding McCallum was not injured in the 
 course of her employment.  The Commission noted that McCallums claim for benefits 
 relied largely on her own testimony and that the Single Commissioner properly 
 discounted her testimony because it lacked credibility.  The testimony of school 
 employees Dr. Davis, Chisolm, and Miller contradicted McCallums testimony.  
 Specifically, Chisolm testified she did not witness McCallum injure herself, 
 and Davis testified McCallum did not report the alleged injury until November 
 2000.
Additionally, although McCallum relied on medical 
 records to support her claim, the Commission found some of Dr. Rodins medical 
 records contradicted McCallums testimony.  Dr. Rodins record dated September 
 1, 2000, supported McCallums account of the injury, but Dr. Rodin did not dictate 
 the note until the following April.  Dr. Rodin stated he relied on his recollections, 
 handwritten notes, and McCallums registration form in dictating the note.  
 McCallum, however, did not mention any history of accident on her registration 
 form, and Dr. Rodins handwritten notes indicate McCallum had no history of 
 accident.  Moreover, on March 21, 2001, Dr. Rodin dictated an operative 
 note reporting McCallum injured her knee as the result of a fall.  Therefore, 
 we find substantial evidence existed to support the Commissions decision to 
 deny benefits to McCallum.
II.  Deposition testimony
McCallum argues the Commission 
 erred in admitting the deposition testimony of Miller into evidence.  We disagree.
As discussed above, McCallum 
 testified that she requested an incident report from school office manager, 
 Miller.  In response, the School District moved to have Millers deposition 
 admitted to show Miller testified McCallum did not ask for an incident form.  
 The Single Commissioner admitted the deposition over McCallums attorneys objection 
 that he had no notice the testimony would be admitted by the School District.  
 McCallum also argues admission of the deposition violated Rule 32, SCRCP, which 
 governs the use of depositions in court proceedings.    
We find neither of McCallums 
 arguments convincing.  Great liberality is exercised in permitting the introduction 
 of evidence in proceedings under the Workers Compensation Act.  Hamilton 
 v. Bob Bennett Ford, 339 S.C. 68, 70, 528 S.E.2d 667, 668 (2000).  Furthermore, 
 the record reveals that McCallums attorney noticed the deposition and conducted 
 all of the questioning.  Although McCallums attorney did not submit the deposition 
 as an exhibit, he was aware of the substance of the testimony.  Additionally, 
 in its notice of witnesses and medical reports submitted to McCallums attorney, 
 the attorney for the school district indicated that Miller was a potential witness.  
 Moreover, even if admitting the testimony was error, it was harmless because 
 the deposition was cumulative to other evidence in the record.  Specifically, 
 Dr. Davis testified that at no point in August, September, or October 2000 did 
 McCallum inform her of an injury to her right knee.  Dr. Davis also stated that 
 his investigation into McCallums claim revealed that no one at the school had 
 any knowledge of the alleged injury.  Chisolm, the school nurse, also testified 
 that she was not aware of McCallums injury until November despite being in 
 close proximity to the file room where the alleged injury occurred.  See 
 Muir v. C.R. Bard, Inc., 336 S.C. 266, 299, 519 S.E.2d 583, 600 (Ct. 
 App. 1999) (finding admission of improper evidence is harmless where it is merely 
 cumulative to other evidence); see also Eadie v. H.A. Sack Co., 
 322 S.C. 164, 172, 470 S.E.2d 397, 401 (Ct. App. 1996) (holding an error not 
 shown to be prejudicial does not constitute grounds for reversal).   
III.  Testimony
McCallum argues the Commission erred in allowing 
 Dr. Davis to testify regarding the hearsay comments of Miller in contravention 
 of Rule 802 of the South Carolina Rules of Evidence.  Rule 802, SCRE (Hearsay 
 is not admissible except as provided by these rules or by other rules prescribed 
 by the Supreme Court of this State or by statute.).  We disagree. 
Dr. Davis testified that, 
 in her capacity as principal, she undertook to investigate McCallums claim 
 after learning of the allegation.  In the course of her investigation, Davis 
 spoke to Miller, the schools office manager.  At the hearing, Davis related 
 that Miller said she had no knowledge of McCallums alleged work-related injury.  
 The Single Commissioner admitted the testimony over counsels hearsay objection.
[T]he South Carolina Rules of Evidence do not 
 apply in proceedings before the Workers Compensation Commission.  Hamilton, 
 339 S.C. at 70, 528 S.E.2d at 668; see S.C. Code Ann. § 1-23-330(1) (2005) 
 (providing that except in proceedings before the Workers Compensation Commission, 
 rules of evidence apply in contested matters before an agency).  Therefore, 
 great liberality is exercised in permitting the introduction of evidence in 
 proceedings under the Workers Compensation Act, and even hearsay evidence may 
 be admissible, provided it is corroborated by facts, circumstances or other 
 evidence.  Hamilton, 339 S.C. at 70, 528 S.E.2d at 668.  We find the 
 Commission committed no error in admitting Daviss hearsay comments into evidence 
 because it was corroborated by other evidence and circumstances.  Dr. Otis Smith, 
 the executive director of human resources for the school district, testified 
 that prior to his receipt of McCallums family leave request form, the district 
 office had no knowledge of McCallums injury.  He further testified he assumed 
 there was no injury because no one that he spoke with had any knowledge of an 
 accident form being filed.  Moreover, as previously noted, neither Davis nor 
 Chisolm were aware of McCallums claim until November 2000.   
IV.  Medical Testimony
McCallum argues the Commission erred in finding 
 the records and reports of Dr. Rodin should be accorded little weight because 
 there was not substantial evidence in the record to support that determination.  
 We disagree.
The final determination of witness credibility 
 and the weight to be accorded evidence is reserved to the Full Commission.  
 Ross v. American Red Cross, 298 S.C. 490, 492, 381 S.E.2d 728, 730 (1989).  
 The reviewing court may not substitute its judgment for that of the [Commission] 
 as to the weight of the evidence on questions of fact.  S.C. Code Ann. § 1-23-380(A)(6) 
 (2005).  
The Commission properly found Dr. Rodins testimony 
 should be accorded little weight.  McCallum contends the Commission improperly 
 substituted its opinion for that of her expert, Dr. Rodin.  However, the Commission 
 only discounted Dr. Rodins testimony regarding the date, time and place of 
 McCallums injury and questioned the credibility of the medical records he maintained.  
 As discussed above, internal inconsistencies existed between Dr. Rodins records 
 and recollections.  Other witnesses testimony, found credible by the Commission, 
 contradicted McCallum and Rodins account of the injury.  Therefore, the Commission 
 committed no error in finding Dr. Rodins medical records were of questionable 
 veracity and were outweighed by more credible evidence.       
V.  Credibility of Witness
McCallum argues the Commission erred in finding 
 she lacked credibility and was too highly educated to misunderstand a patient 
 registration form.  We disagree.
Prior to her first visit with Dr. Rodin, McCallum 
 completed a patient registration form.  On the form, she failed to indicate 
 her accident was work related and listed no injuries.  The registration form 
 also informed McCallum workers compensation verification was needed before 
 she could be seen if her problems were work related.  The Single Commissioner 
 found:

The Claimant has a Masters (plus) in education.  I often find 
 the injured workers unable to articulate their problems, which can lead to confusion.  
 Here, I find that the Claimant is highly educated and I do not find it believable 
 that she signed certain documents, including insurance forms signed at Lowcountry 
 Medical Group, without understanding them.      

McCallum argued the finding was 
 erroneous before the Commission because the Single Commissioner could not make 
 a finding regarding McCallums education level and credibility without expert 
 testimony.  The Commission found the argument without merit, and we agree.  
 The Commission is accorded the final determination in all matters regarding 
 witness credibility.  Ross, 298 S.C. at 492, 381 S.E.2d at 730.  We will 
 not substitute our judgment for that of the Commission concerning the weight 
 of evidence on questions of fact.  S.C. Code Ann. § 1-23-380(A)(6) (2005).  
 Because it is the province of the Commission to evaluate witness credibility 
 in choosing to believe or disbelieve testimony, we find no error.  
CONCLUSION
The record reveals substantial evidence 
 existed to support the Commissions finding McCallum was not injured in the 
 course and scope of her employment.  We find no error in the Commissions decision 
 to admit the deposition testimony of Miller into evidence and to allow Davis 
 to testify regarding Millers statements.  Likewise, substantial evidence supports 
 the Commissions finding that Dr. Rodins reports and testimony were not credible 
 and should be accorded little weight.  Finally, we find no error in the Commissions 
 determination McCallums testimony was not credible.  Therefore, the order of 
 the circuit court affirming the Commission is
 AFFIRMED.
ANDERSON, BEATTY, and SHORT, JJ., concur.

 
 
 [1]   Because oral argument would not aid the court in resolving the issues 
 on appeal, we decide this case without oral argument pursuant to Rule 215, 
 SCACR.