THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Joey D. Horton, Respondent
 v.
 Pyramid Masonry
 Contractors, Inc. and Hartford Accident Insurance Company, Appellants.
 
 
 

Appeal From Fairfield County
 Kenneth G. Goode, Circuit Court Judge
Unpublished Opinion No.  2008-UP-208
Submitted February 1, 2008  Filed March
 27, 2008
AFFIRMED

 
 
 
 Richard B. Kale, Jr. and L. Brenn Watson, both of Greenville, for Appellants.
 Barry B. George, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Pyramid
 Masonry Contractors, Inc. and Hartford Accident Insurance Company (collectively,
 Employer) appeal the circuit courts finding that Joey D. Horton (Employee) is
 entitled to recover workers compensation benefits for injuries he sustained during
 a motor vehicle accident that occurred while he traveled from his home in
 Lancaster to Employers job site in Columbia.  We affirm.[1]
FACTS
On
 January 7, 2004, Employer hired Mark Hinson (Foreman) to supervise masons and
 laborers on construction sites.  Employer paid Foreman $23 per hour for the hours
 he worked on the job site.  Employer also paid Foreman a truck allowance of
 $150 per month.[2] 
 Employer authorized Foreman to hire brick masons and laborers to work on the
 job sites he supervised.  A few weeks later, Foreman went to Employees home and
 offered him a job with Employer.  Employee accepted a masons job paying $18
 per hour.[3]
After
 Employee started working for Employer, Foreman and Employee always traveled together
 in Foremans personal vehicle to and from their homes in Lancaster to job sites
 in Charlotte and Columbia.  Employee testified he worked for Employer only on
 the days he rode to job sites with Foreman.  In November 2004, upon Employees
 recommendation, Foreman hired another Lancaster man, James Clark, to work as a
 laborer for Employer.  Clark testified he also worked for Employer only on days
 he rode to Employers job sites with Foreman.  
On the
 morning of November 17, 2004, Employee, Clark, and Foreman were traveling in
 Foremans vehicle from Lancaster to a job site in Columbia.  While driving on
 Interstate 77 in Fairfield County, Foremans car slammed into the rear of a
 vehicle moving approximately twenty-five miles per hour.  The impact threw Employee
 from the car; a helicopter transported him to Richland Memorial Hospital where he recovered until his release on December 10, 2004.[4] 
 As a result of the accident, Employee sustained injuries to his head, back,
 heart, spleen, pelvis, left leg, left hip, appendix, and teeth.  Employee now
 walks with a cane and is under the continuing care of a physician for injuries sustained
 in the accident, including headaches, seizures, and an inability to control his
 left foot.  Employee has not worked since the accident, and his physician
 indicates Employees physical limitations will prevent him from working as a
 brick mason in the future.  
PROCEDURAL HISTORY
In
 May 2005, Employee filed a Form 50 claiming entitlement to workers compensation
 benefits for injuries he sustained in the November 17, 2004 accident.  Employee
 alleges his injuries are compensable because he was performing services
 arising out of and in the course of employment at the time of the accident. 
 Employer filed a Form 51 denying Employees injuries were compensable.  
On
 September 8, 2005, a single commissioner conducted a hearing.  The commissioner
 found [t]he provision of transportation to and from work was not [E]mployers
 normal company policy and testimony from [Employers] witnesses was that
 [Foreman] acted outside of general company policy in this regard.  However, the
 commissioner ultimately determined: 

 The
 greater weight of evidence supports that, as a condition of [Employees]
 employment, [Foreman] provided transportation to and from work. . . .  [T]hrough
 course of conduct and other evidence [Foreman] had actual authority to, and
 did[,] negotiate these transportation terms as a condition of [Employees]
 employment binding [Employer] to the terms of the contract with [Employee]. Evidence
 of this arrangement was proven by [Employees] testimony that [Foreman] showed
 him checks from [Employer] for transporting him. I base this finding on the
 testimony of [Employee], James Clark, and Laura Noah [Employees mother].

Additionally,
 the commissioner concluded Employees injuries were compensable because he had
 proven an exception to the going and coming rule discussed in Byrd v.
 Stackhouse Sheet Metal Works, 317 S.C. 35, 451 S.E.2d 405 (Ct. App. 1994)
 since his employer provided transportation to and from job sites and said
 transportation was a condition of [Employees] employment.  The commissioner
 ordered Employer to pay Employee temporary total benefits and all of his causally-related medical
 expenses.  
Following a review hearing on June 28, 2006, the Commissions
 Appellate Panel (Panel) determined the commissioners findings of fact and
 rulings of law were correct and incorporated them by reference into the Panels
 ruling affirming the commissioners order in its entirety.[5]  The Panel noted as additional
 reasoning for the Hearing Commissioners decision that the Dead Mans Statute
 did not apply because Employees witnesses were not testifying against a
 survivor of the now-deceased Foreman.  The Panel also (1) ruled Foreman had
 either actual authority or apparent authority to both hire [Employee] and
 provide transportation and (2) overruled Employers hearsay objections under
 Rule 801(d)(2) of the South Carolina Rules of Evidence. 
Following a hearing on January 4, 2007, the circuit court,
 applying the substantial evidence standard of review, found the Panel did not
 err in finding Employees case fell within an exception to the going and coming
 rule because testimony in the record could reasonably be viewed as
 establishing [Employee] had been hired by a supervisor [Hinson] who was driving
 the automobile in which [Employee] was injured at the time of the accident when
 [Foreman] had actual and/or apparent authority to hire [Employee] and negotiate
 the terms of his employment, including the provision of transportation to and
 from the job site, especially in light of the fact that [Employee] did not have
 a drivers license.  Additionally, the circuit court affirmed the Panels
 conclusion that testimony regarding Foremans statements to Employee was properly
 admitted because the statements were neither hearsay nor barred by the Dead
 Mans Statute.  The circuit court affirmed the Panels order in its entirety. 
 This appeal followed. 
STANDARD OF REVIEW
The
 Administrative Procedures Act governs judicial review of all non-jurisdictional
 decisions of the workers compensation commission.  Gray v. Club Group, Ltd.,
 339 S.C. 173, 182, 528 S.E.2d 435, 440 (Ct. App. 2000).  The [reviewing] court
 may not substitute its judgment for the judgment of the agency as to the weight
 of the evidence on questions of fact.  The court may affirm the decision of the
 agency or remand the case for further proceedings.  S.C. Code Ann. §
 1-23-380(A)(5) (Supp. 2006).  However, the reviewing court

 may
 reverse or modify the decision if substantial rights of the appellant have been
 prejudiced because the administrative findings, inferences, conclusions, or
 decisions are: (a) in violation of constitutional or statutory provisions; (b)
 in excess of the statutory authority of the agency; (c) made upon unlawful
 procedure; (d) affected by other error of law; (e) clearly erroneous in view of
 the reliable, probative, and substantial evidence on the whole record, or (f)
 arbitrary or capricious or characterized by abuse of discretion or clearly
 unwarranted exercise of discretion. 

Id.  This court will set aside a decision by the workers
 compensation commission only where the determination is unsupported by substantial
 evidence.  Lark v. Bi-Lo, Inc., 276 S.C. 130, 276 S.E.2d 304 (1981).  Substantial
 evidence is evidence that, considering the record as a whole, would allow
 reasonable minds to reach the conclusion reached by the Appellate Panel.  Rodney
 v. Michelin Tire Corp., 320 S.C. 515, 466 S.E.2d 357 (1996).  The
 possibility of drawing two inconsistent conclusions from the evidence does not
 mean the agencys conclusion is unsupported by substantial evidence.  Ellis
 v. Spartan Mills, 276 S.C. 216, 277 S.E.2d 590 (1981).  
Conversely,
 where the [Panels] s decision is controlled by an error of law, this courts
 review is plenary.  Lizee v. S.C. Dept of Mental Health, 367 S.C. 122,
 126, 623 S.E.2d 860, 862 (Ct. App. 2005).  An appellate court may reverse the Panel
 when its decision is affected by an error of law.  Callahan v. Beaufort County Sch. Dist., 375 S.C. 92, 651 S.E.2d 311 (2007).
LAW/ANALYSIS
I.  Actual or Apparent Authority 
Employer
 argues Employees injuries are not compensable because Employer did not
 authorize Foreman to offer Employee transportation to and from work.  We
 disagree.
An
 employee may recover workers compensation benefits for injuries sustained by an
 accident arising out of and in the course of employment.  S.C. Code Ann. §
 42-1-160 (Supp. 2006).  Generally, injuries an employee sustains while traveling
 to and from the workplace are not compensable. Eadie
 v. H.A. Sack Co., 322 S.C. 164, 168, 470 S.E.2d 397, 399 (Ct. App. 1996); see
 also Gray v. Club Group, Ltd., 339 S.C. 173, 188, 528 S.E.2d 435,
 443 (Ct. App. 2000) (As a general rule, an employee going to or coming from the place
 where his work is to be performed is not engaged in performing any service
 growing out of and incidental to his employment, and, therefore, an injury
 sustained by accident at such time does not arise out of and in the course of
 his employment.).   
South
 Carolina recognizes five exceptions to the going and coming rule: 1)
 the employer provides the means of transportation or pays travel time; 2) the
 employee performs duties during his commute; 3) the route used is inherently
 dangerous; 4) the place where the injury occurs is in such close proximity to
 the workplace that it is brought within the scope of employment; and 5) the
 injury occurs while the employee is on a special errand for the employer.  Eadie,
 322 S.C. at 168-69, 470 S.E.2d at 400.  
Here,
 Employees injuries are compensable, under an exception to the going and coming
 rule, only if substantial evidence supports the Panels finding that Employer
 either (1) provided the means of Employees transportation, or (2) paid
 Employee for his travel time to and from work.  Employees own testimony
 confirmed Employer did not pay for his travel time to and from the job site.  Accordingly,
 Employees injuries will be compensable only if substantial evidence supports
 the Panels finding that Employer, through its agent, Foreman, provided
 the means of Employees transportation to work.  
An
 agency relationship may be established by evidence of actual or apparent
 authority.  R & G Const., Inc. v. Lowcountry Regl Transp. Auth.,
 343 S.C. 424, 432, 540 S.E.2d 113, 117 (Ct. App. 2000).   In a principal -
 agent relationship, apparent authority is considered to be a power which a principal
 holds his agent out as possessing or permits him to exercise under such
 circumstances as to preclude a denial of its existence.  Id. at 433,
 540 S.E.2d at 118.  

 When a
 principal, by any such acts or conduct, has knowingly caused or permitted
 another to appear to be his agent, either generally or for a particular
 purpose, he will be estopped to deny such agency to the injury of third persons
 who have in good faith and in the exercise of reasonable prudence dealt with
 the agent on the faith of such appearances.  The apparent authority of an agent results from conduct or
 other manifestations of the principals consent, whereby third persons are
 justified in believing the agent is acting within his authority.  Such
 authority is implied where the principal passively permits the agent to appear
 to a third person to have the authority to act on his behalf.

Id. at 433-34, 540 S.E.2d at 118 (citations omitted).  The
 doctrine of apparent authority provides that a principal may be bound by the acts of its agent when the
 principal has placed the agent in a position such that third parties are
 reasonably led to believe the agent has certain authority and they in turn deal
 with the agent in reliance on this manifestation.  Eadie, 322 S.C. at 171,
 470 S.E.2d at 401.  
In Eadie,
 H.A. Sack employed Harold Eadie to supervise its construction projects, paid
 him a mileage allowance to drive his personal vehicle to and from work, and authorized
 him to hire crew members.  Id. at 167, 470 S.E.2d at 399.  Eadie hired Don
 Stanley to work with him on a Hilton Head project.  Eadie and Stanley both
 lived in Hampton and routinely rode to work together.  Later, Eadie hired Phillip
 Nix, also from Hampton, and offered him rides to Hilton Head with Eadie and
 Stanley.  Eadie testified he offered transportation to Stanley and Nix as an
 inducement to accept a job with H.A. Sack.  Id. at 170, 470 S.E.2d at 400. 
 On their way to work, Eadie, Stanley, and Nix were involved in an automobile
 accident.  
H.A.
 Sack argued the Panel erred in finding Stanleys and Nixs workers compensation
 claims were compensable under an exception to the going and coming rule.  Id. at 168, 470 S.E.2d at 399.  H.A. Sack conceded it provided transportation for
 Eadie; however, H.A. Sack alleged Stanleys and Nixs injuries were not
 compensable because Eadie lacked authority to obligate the company to pay
 transportation costs for his crew.  Id. at 170, 470 S.E.2d at 400.  Our
 court affirmed the Panel, finding Eadie had apparent authority
 to offer transportation to Stanley and Nix on behalf of H.A. Sack and this
 authority was binding upon H.A. Sack.  Id. at 171, 470 S.E.2d at 401.  
 
Here,
 as in Eadie, Employee testified regarding the circumstances under which
 he was hired: [Foreman] c[a]me to the house and asked me if I needed a job,
 and I told him I didnt have a way back and forth, and [Foreman] said the
 company would provide transportation.  Employee stated Foreman picked him up
 at home and drove him to and from job sites in Charlotte and Columbia. 
 Employee testified he only went to work when Foreman went to work and if
 Foreman had to stay home, Employee stayed home as well.  Employee also
 testified Foreman showed him a check for $150 that Foreman said Employer was paying
 him to transport Employee to work in Foremans personal vehicle.  
Laura
 Noah, Employees mother, testified to being present when Foreman offered a job
 to Employee.  She testified she asked Foreman: [h]ow is [Employee] going to
 get back and forth to Charlotte and Columbia with no car and no drivers
 license?  She also testified Foreman answered: Pyramid Masonry was going to
 furnish transportation for [Employee] back and forth to work.   
David
 Mauney, a regional vice president with Employer for twenty-four years,
 testified Employer does not provide transportation to its employees and that it
 is the employees responsibility to find [his] own way to work.  He stated Employers
 job description for a mason specifically states the employee must have means
 of transportation to and from project.  However, Employee testified he had not
 seen the job description prior to the hearing.  When asked whether Foreman
 could have told Employee that Employer would provide his transportation to
 work, Mauney responded: That would have been outside the scope of his
 authority.  
Mauney
 testified Employer gave each of its foremen a truck allowance of $150 per month
 for using their personal vehicles during the course of the workday on the job
 site, and if they have to go pick up incidentals, such as ice or gasoline or
 small tools . . . .  Mauney testified Employers written policy for the truck
 allowance had not changed since 1989.  The policy states: This pertains only
 for picking up or delivering incidentals and not to be interpreted as mileage.[6] 
 Mauney stated Foreman began receiving the truck allowance on the day he began
 work; however, the allowance did not change when Foreman began transporting
 Employee a few weeks later, or several months later, when Foreman hired Clark
 and began transporting him to the job sites as well.[7] 
    
It
 is uncontested that Employer hired Foreman to supervise its construction
 projects in Charlotte and Columbia.  It is also not disputed that Employer gave
 Foreman actual authority to hire masons and laborers to work on these projects. 
 Employer testified it expressly authorized Foreman to offer an hourly wage to
 the crew members he hired.  Employee testified that only Foreman, on behalf of
 Employer, discussed the terms of his employment with him.  Employees mother
 testified she was present and heard Foreman tell Employee that Employer would
 provide transportation to and from the job sites.  Accordingly, we find Employee
 and his mother could have reasonably believed that Foreman, as Employers
 agent, had the authority to negotiate all of the terms of employment, including
 Employers provision of Employees transportation to work.[8]  
Employer
 argues the facts in Eadie distinguish it from the facts of this case
 because in Eadie, the employer paid Eadie a mileage allowance for his
 travel to and from work.  We find this distinction to be unpersuasive.  The Eadie court affirmed that Stanleys and Nixs injuries were compensable because substantial
 evidence in the record supported its finding that H.A. Sack had placed Eadie
 in a position impliedly manifesting his authority to dictate the employment terms
 to the crew members he hired.  The courts decision turned on its finding that
 Eadie acted with actual or apparent authority when he offered crew members transportation
 to and from work.  That authority bound H.A. Sack to the terms Eadie negotiated
 with the crew members. 
Here,
 there is evidence to support the Commissions decision that Employers agent,
 Foreman, acting with actual or apparent authority, told Employee that Employer
 would provide transportation as a condition of his employment.  While Foremans
 offer of transportation may have exceeded the scope of the actual authority
 Employer conferred upon him, there is sufficient evidence in the record to
 support Employees belief that Foreman had apparent authority to negotiate the
 terms of his employment, including Employers provision of transportation. 
 Employer is bound by Foremans representations to Employee concerning the
 conditions of his employment.  Accordingly, the Commissions decision that Employees
 injuries are compensable because they fall within an established exception to
 the going and coming rule is supported by substantial evidence and is therefore
 affirmed.  
II.  Admission By Party Opponent
Employer additionally
 argues testimony regarding Foremans alleged statements to Employee concerning
 the conditions of his employment offer constituted inadmissible hearsay.  We
 disagree.
While
 relied upon by the Panel and the circuit court, the South Carolina Rules of
 Evidence do not apply in proceedings before the Workers Compensation
 Commission. S.C. Code Ann. § 1-23-330(1) (2005).  We further note that great
 liberality is exercised in permitting the introduction of evidence in proceedings
 under the Workers Compensation Act.  See Hamilton v. Bob Bennett
 Ford, 339 S.C. 68, 70, 528 S.E.2d 667, 668 (2000) (citing Ham v. Mullins
 Lumber Co., 193 S.C. 66, 7 S.E.2d 712 (1940)).   Accordingly, hearsay
 testimony may be admissible if corroborated by facts, circumstances, or other
 evidence.  Hamilton, 339 S.C. at 70, 528 S.E.2d at 668.  We find
 sufficient facts and circumstances in the record to support a finding of
 corroboration.  It is undisputed that Employer and Foreman were in an employer-employee
 relationship when Foreman offered Employee a job with Employer.  It is also
 undisputed that Employer had authorized Foreman to hire masons and laborers to
 work at job sites Foreman supervised.  The record contains not only testimony
 from Employee about his inability to drive and the circumstances surrounding
 his offer of employment, but also testimony from Employees mother who stated
 she was present at the time the statements by Employers agent were made.[9]
Thus,
 we find the record contains sufficient evidence from which the Commission and
 the circuit court properly considered the statements by Employees agent.[10]   
CONCLUSION
For
 the foregoing reasons, the decision of the circuit court is 
AFFIRMED.
HEARN,
 C.J., PIEPER, J., and CURETON, A.J., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] Employer testified it provides a monthly truck
 allowance to each of its foremen.  Employers written policy states the truck
 allowance is for the intended use of reimbursement for the use of personal
 vehicles on the job site.  This pertains only for picking up or delivering
 incidentals and not to be interpreted as mileage.  
[3] Foreman and Employee lived in Lancaster and had
 known each other for many years prior to Foreman offering Employee a job with
 Employer.  Employee testified he had worked for ten to fifteen years with
 Foreman in Foremans fathers construction company.  Later, Foreman started his
 own business, and Employee worked for him.  Employee did not have a car or a
 drivers license the entire time he worked for Foremans family.  Consequently,
 Foreman or Foremans father drove Employee to and from the job sites during the
 ten to fifteen year period that preceded Employers hiring of Employee in
 January 2004.  
[4] Foreman died from the injuries he sustained in
 the accident.  
[5] Two Panel members voted to affirm the commissioners
 ruling and one member voted to reverse.  
[6] Mauney pointed out that if viewed as a mileage
 allowance, Employers truck allowance of $150 a month would only cover a few
 days of travel.  
[7] Donald Williams, a foreman with Employer for eighteen
 years, testified he also received a $150 truck allowance from Employer; however,
 he had never taken employees to work in his vehicle.  When asked if Employer
 provides transportation to employees to the job site, Williams responded:
 No.  Williams testified Employer provided the truck allowance for
 miscellaneous on-the-job, getting ice or anything pertaining to the job.   
 
[8] If the servant is doing some act in furtherance of
 the masters business, he will be regarded as acting within the scope of his
 employment, although he may exceed his authority.  Crittenden v.
 Thompson-Walker Co., Inc., 288 S.C. 112, 116, 341 S.E.2d 385, 388 (Ct. App.
 1986).
[9] We accept for purposes of argument by Employer that
 the statements were hearsay and have considered whether the Panel erred in the
 admission of this evidence outside of the Rules of Evidence.  If Rule 801(d)(2)
 is considered only by analogy, we think the evidence would clearly qualify as
 non-hearsay and would be admissible as an admission by party-opponent.
[10] While asserted before the Commission, neither party
 addressed S.C. Code Ann. § 19-11-20 (Supp. 2006) [the Dead Mans Statute] on
 appeal to this court and that issue is, therefore, deemed abandoned.  Rule
 208(b)(1)(B), SCACR;  See Hampton v. Dodson, 240 S.C. 532, 539,
 126 S.E.2d 564, 568 (1962) (finding issues were deemed abandoned when party
 failed to argue the issues in their brief).