THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Robin Carson Cantrell, Appellant,
 v.
 Carolinas Recycling Group, Employer, and Wasau Insurance Companies, Carrier, Respondents.
 
 
 

Appeal From Spartanburg County
 J. Mark Hayes, II, Circuit Court Judge

Unpublished Opinion No. 2011-UP-132
Submitted March 1, 2011  Filed March 29, 2011   

AFFIRMED

 
 
 
 Richard H. Rhodes and William H. Rhodes, both of Spartanburg, for Appellant.
 Cynthia C. Dooley and Carmelo B. Sammataro, both of Columbia, for Respondents.
 
 
 

PER CURIAM:  Robin Carson Cantrell appeals the circuit court's order affirming the Appellate Panel of the Workers' Compensation Commission's (the
Appellate Panel) decision his injury was not compensable under the Workers' Compensation Act (the Act).  Cantrell argues the circuit court erred in (1)
holding the Appellate Panel properly considered evidence probative of a non-work related injury, (2) holding substantial evidence supported the findings of the
Appellate Panel, and (3) failing to rule on various issues necessary to determine an award in the event his injury is deemed compensable on review.  We
affirm.[1]
1.  We hold the circuit court did not err in holding the Appellate Panel properly considered evidence indicating Cantrell injured his shoulder during a
trip to Carowinds, specifically the testimony of his employer's human resources administrator and statements made in a form submitted to his employer in order
to receive short-term disability benefits.  An appellate court may reverse a decision of the Appellate Panel if a claimant's substantial rights "have
been prejudiced because the [Appellate Panel's] findings, inferences, [or] conclusions" are "affected by other error of law," or "arbitrary
or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."  S.C. Code Ann. § 1-23-380(5) (Supp.
2010).  "Great liberality is to be exercised in allowing the introduction of evidence in workers' compensation proceedings."  Trotter v.
Trane Coil Facility, 384 S.C. 109, 116, 681 S.E.2d 36, 40 (Ct. App. 2009).
First, although the Rules of Evidence are not mandatory in workers' compensation proceedings, they serve as a guide in determining the authenticity of
documents relied on by the Appellate Panel.  See S.C. Code Ann. § 1-23-330(1) (2005).  The question of authenticity rests with the discretion
of the single commissioner and Appellate Panel.  Cf. Rule 901(b)(3), SCRE (suggesting "[c]omparison by the trier of fact or by expert witnesses
with specimens which have been authenticated"); Rule 901(b)(4), SCRE (suggesting attention to "[a]ppearance, contents, substance, internal patterns,
or other distinctive characteristics, taken in conjunction with circumstances").  Accordingly, the Appellate Panel did not err in relying on the form.
Second, hearsay evidence is admissible in workers' compensation proceedings "if corroborated by facts, circumstances, or other evidence."  Hamilton
v. Bob Bennett Ford, 339 S.C. 68, 70, 528 S.E.2d 667, 668 (2000).  The testimony of Cantrell's human resources administrator was corroborated by other
evidence before the Appellate Panel, including the form and a statement made by Cantrell to his physician.  Accordingly, the Appellate Panel did not err in
relying on the testimony.
2.  We hold the circuit court properly held substantial evidence, including a statement Cantrell made to his physician indicating his injury occurred
after a trip to Carowinds, supported the Appellate Panel's findings of fact.  See S.C. Code Ann. § 1-23-380(5)(e) (Supp. 2010) (requiring an
appellate court to decide whether the findings of fact are "clearly erroneous in view of the reliable, probative, and substantial evidence on the whole
record").
3.  Because substantial evidence supports the Appellate Panel's decision Cantrell's injury is not compensable, we need not address the remaining issues.
 See Futch v. McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not review
remaining issues when its determination of a prior issue is dispositive of the appeal).
AFFIRMED.
FEW, C.J., and THOMAS and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.