**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Daniel Hayden, Claimant, Appellant,

v.

Riverside Transport, Inc., Employer, and First Liberty
Insurance Corporation, Carrier, Respondents.

Appellate Case No. 2023-001437

Appeal from the Workers' Compensation Commission

Unpublished Opinion No. 2022-UP-413
Heard October 7, 2025 – Filed December 10, 2025

**AFFIRMED IN PART, REVERSED AND
REMANDED IN PART**

Frank Anthony Barton, of Lexington, for Appellant.

David Alan Westerlund, Jr., of Willson Jones Carter &
Baxley, P.A., of North Charleston, for Respondents.

**PER CURIAM:** In this workers' compensation action filed by Daniel P. Hayden
(Claimant) against Riverside Transport, Inc. and Liberty Mutual Insurance Co.
(Respondents), Claimant appeals, arguing the South Carolina Workers'
Compensation Commission (the Commission) erred in (1) admitting evidence that

was hearsay and uncorroborated, and (2) finding he failed to present sufficient evidence of a compression fracture of his spine. We affirm in part and reverse and remand in part.

1. Claimant argues the Commission erred in finding Exhibit B was admissible. We disagree. The documents in Exhibit B that Claimant argues were inadmissible are the following: (1) an e-mail from the Arkansas Workers' Compensation Commission case manager to Wayne Floyd questioning whether he is authorized to practice law in Arkansas; (2) an Arkansas Workers' Compensation Commission "Report of Compensation Paid/Suspension of Payments," which indicated Claimant was paid a total of $42,998.32 in compensation; and (3) a report by Medical Consultants Network (MCN) after its review of Claimant's Arkansas file that concluded Claimant suffered a 7% impairment to the whole person. Claimant maintains the evidence was uncorroborated, the MCN report was prepared by someone who never saw or treated him but was instead prepared by a company hired by the insurance carrier, and Claimant was unable to confirm the compensation reported in the Arkansas report.

The admissibility of evidence in workers' compensation cases is primarily governed by South Carolina Code Section 1-23-330, which provides that "[i]n contested cases: (1) [i]rrelevant, immaterial or unduly repetitious evidence shall be excluded." S.C. Code Ann. § 1-23-330(1) (2005). *But see Michau v. Georgetown County ex rel. S.C. Cntys. Workers Comp. Tr.*, 396 S.C. 589, 594, 723 S.E.2d 805, 807 (2012) (noting "section 1-23-330 establishes a minimum standard [for the admissibility of evidence] that applies generally, but not exclusively" and explaining the statutory "heightened standard for repetitive trauma injury cases"). Furthermore, "the South Carolina Rules of Evidence do not apply in proceedings before the Workers' Compensation Commission." *Hamilton v. Bob Bennett Ford*, 339 S.C. 68, 70, 528 S.E.2d 667, 668 (2000).

As to the first two documents, exhibits regarding the Arkansas claim, we find any error in their admission was harmless because the Commission found Claimant was not precluded from filing a claim in South Carolina based on filing a claim in Arkansas. *See Sligh v. Newberry Elec. Coop., Inc.*, 216 S.C. 401, 420, 58 S.E.2d 675, 684 (1950) (suggesting that erroneously admitted evidence that does not constitute the basis of the Commission's award is harmless error). As to the MCN report indicating Claimant suffered a 7% impairment to the whole person, we find no error in its admission. Respondents noticed Claimant of Exhibit B in their submission dated December 22, 2021. In *Gadson v. Mikasa Corp.*, 368 S.C. 214, 226-27, 628 S.E.2d 262, 269 (Ct. App. 2006), this court found that an expert

report, properly filed and served, was admissible. The employer in *Gadson* had the opportunity to request a deposition; made no attempt to depose the expert; and did not attempt to subpoena the expert to the hearing. *Id.* Thus, this court found the report was admissible. *Id.* We likewise find Claimant was properly served, made no attempt to depose or subpoena the MCN doctor, and the report was admissible.

2.      Claimant argues the Commission erred in denying compensation, first arguing the only evidence in the record indicates that he suffered a compression fracture as a result of his August 20, 2018, accident and there is no evidence to contradict it. Claimant next argues he did not claim aggravation of a pre-existing injury and the Commission erred in denying compensation based on his failure to prove it.

"A work-related accident which aggravates or accelerates a pre-existing condition, infirmity, or disease is compensable." *Hargrove v. Titan Textile Co.*, 360 S.C. 276, 295, 599 S.E.2d 604, 613-14 (Ct. App. 2004). "The claimant's right to compensation for aggravation of a pre-existing condition arises when the claimant has a dormant condition that becomes disabling because of the aggravating injury." *Murphy v. Owens Corning*, 393 S.C. 77, 86, 710 S.E.2d 454, 458 (Ct. App. 2011). "We review the Commission's factual findings of whether a claimant is entitled to compensation for aggravation of a pre-existing condition under the substantial evidence standard of review." *Id.*

South Carolina Code Section 42-9-35 provides in part:

> (A) The employee shall establish by a preponderance of the evidence, including medical evidence, that:
> (1) the subsequent injury aggravated the pre[-]existing condition or permanent physical impairment; or
> (2) the pre[-]existing condition or the permanent physical impairment aggravates the subsequent injury.
> (B) The commission may award compensation benefits to an employee who has a permanent physical impairment or pre[-]existing condition and who incurs a subsequent disability from an injury arising out of and in the course of his employment for the resulting disability of the permanent physical impairment or pre[-]existing condition and the subsequent injury.

S.C. Code Ann. § 42-9-35 (2015); *see Rummage v. BGF Indus.*, 434 S.C. 441, 458, 865 S.E.2d 380, 389 (Ct. App. 2021) (stating that in a case "under section 42-9-35, the burden is on the claimant to produce medical evidence to establish a claim for the exacerbation of a pre[-]existing condition").

"[T]here is no requirement that the pre-existing condition aggravated the work injury or that the work injury aggravated the pre-existing condition; rather, the question to be considered [is] whether the combined effects of the condition and the workplace injury resulted in a greater disability than would otherwise have existed." *Bartley v. Allendale Cnty. Sch. Dist.*, 392 S.C. 300, 308, 709 S.E.2d 619, 623 (2011). In *Bartley*, our supreme court reversed and remanded to the Commission to make additional findings of fact based on its failure to properly analyze the claim. *Id.* at 310, 709 S.E.2d at 624.

The Commission's order in this case summarily finds "[t]here is insufficient evidence regarding an aggravation of a pre-existing condition as the Claimant did not request benefits pursuant to the status and there is not enough medical evidence regarding the Claimant's 2016 back injury. Additionally, the Claimant was able to return to work following his 2016 back injury."

The evidence in the record regarding the 2016 injury indicates Claimant sought treatment after the injury, and the limited medical records are sparse because Claimant returned to work and sought no further treatment. The records also indicate Claimant visited the emergency room "and had imaging of all injured areas[,] which did not show any significant injuries." Claimant admitted the 2016 injury, but testified he thereafter had no back problems preventing him from working.

Although Claimant did not request benefits as an aggravation of a pre-existing condition, Respondents raised the issue by submitting medical records prior to the single commissioner's hearing, including treatment reports following the 2016 accident. At the hearing, Claimant argued "something that happened . . . about two years eal[ier] might be raised . . . . [W]e'll let the testimony take care of that." Claimant then testified he injured his back in 2016 when he fell off a porch. Respondents argued Claimant was "picked up by EMS. Saw his primary care physician on November 28, 2016, reporting low back pain. And so he had a history of an injury to his lower back."[1]

---

[1] Respondents also argued the x-rays taken after the 2018 accident note, "[l]ack of paraspinal straining suggests subacute to older age," and "[a]ge-indeterminate

As to the Commission's denial of compensation based on its finding that Claimant did not request benefits for the aggravation of a pre-existing condition, we recognize "the burden is on the claimant to produce medical evidence to establish a claim for the exacerbation of a pre[-]existing condition." *Rummage*, 434 S.C. at 458, 865 S.E.2d at 389 (citing § 42-9-35(A)). However, the issue may be raised by the defendants. In *Frampton v. South Carolina Department of Natural Resources*, this court found that "'pre[-]existing condition,' '§ 42-9-35,' and 'burden of proof' are not special or affirmative defenses that must be raised in a Form 51 or be forever lost." 432 S.C. 247, 259, 851 S.E.2d 714, 720 (Ct. App. 2020). Rather, the court found where the employer raised a pre-existing condition, the burden remained on "the claimant to prove 'by a preponderance of the evidence, including medical evidence, that . . . the subsequent injury aggravated the pre[-]existing condition or permanent physical impairment; or . . . the pre[-]existing condition or the permanent physical impairment aggravates the subsequent injury' in order to be eligible for compensation for that injury." *Id.* at 259, 851 S.E.2d at 720-21 (omissions in original) (quoting § 42-9-35).

As to the Commission's other findings—that there was not enough medical evidence regarding the 2016 injury and that Claimant was thereafter able to return to work—they indicate the Commission found that although there was a prior injury, there was insufficient evidence of a pre-existing condition. In that case, the Commission would be required to solely review the 2018 injury for compensability. To the extent the Commission's findings indicate there was a pre-existing condition and Claimant failed to prove aggravation of it, the Commission was required to review the issue under *Bartley*, which mandates the Commission to focus not solely on the pre-existing condition but to consider whether the combined effects of it and the 2018 workplace injury resulted in a greater disability than would otherwise have existed. Accordingly, we reverse and remand for the Commission to make detailed findings of fact and conclusions of law according to this opinion. *See Smith v. NCCI, Inc.*, 369 S.C. 236, 252, 631 S.E.2d 268, 276-77 (Ct. App. 2006) ("When an administrative agency acts without first making the

---

compression fracture . . . ." Respondents thus argued the fracture was sustained prior to the 2018 accident and Claimant had a pre-existing lumbar spine condition. Respondents next argued there was no opinion in the record that Claimant sustained an aggravation of a pre-existing condition; thus, Claimant failed to satisfy his burden under the requirements of section 42-9-35.

proper factual findings required by law, the proper procedure is to remand the case and allow the agency the opportunity to make those findings.").

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART.**

**WILLIAMS, C.J., and THOMAS and CURTIS, JJ., concur.**